290 So.2d 850 (1974)
STATE of Louisiana
v.
Jerry GHORAM.
No. 53989.
Supreme Court of Louisiana.
February 18, 1974.
*851 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
Wilmon L. Richardson, Baton Rouge, for defendant-appellant.
BARHAM, Justice.
Defendant was convicted, after a trial by jury, of murder and was sentenced to life imprisonment. He has filed this appeal, relying upon one bill of exceptions for a reversal of his conviction and sentence.
Defendant was tried for the felony murder of George Davis, a customer of the Hernandez Ice Company, Baton Rouge, which occurred while defendant and two other individuals were engaged in the perpetration of an armed robbery at that company. The evidence introduced at trial indicates that Davis was unintentionally shot by one of defendant's confederates during the course of the robbery.
Defendant's only bill of exceptions was reserved when the trial court overruled his objection to protracted questioning by the assistant district attorney regarding several other armed robberies in which the defendant allegedly participated. The questions were asked of defendant on cross-examination, after he had taken the stand to testify in his own behalf. No conviction of any of these other armed robberies had been obtained at the time of defendant's trial in this matter, nor does the State contend it was impeaching the witness.[*]
Upon the trial of this defendant, the State made no attempt to comply with the procedural guidelines for use of other offenses under R.S. 15:445 and 15:446 made mandatory by our decision in State v. Prieur, 277 So.2d 126 (La. 1973). These requirements deal with detailed written notice to the defendant of intent to use other acts or offenses and specification in the written notice of the exception to the general exclusionary rule upon which the State relies. Additionally, the Prieur decision mandates, as a prerequisite to the admission *852 into evidence of other crimes, that the State show that evidence is not merely repetitive or cumulative, that it is not a subterfuge for depicting the defendant's propensity for bad behavior or his bad character and that it serves the actual purpose for which it is offered. In other words, there must be a foundation laid, out of the jury's presence, to show the admissibility of the evidence. Finally, the rule of Prieur requires that the trial court charge the limited purpose of the evidence during its final charge and, if requested by the defendant, at the time that the evidence is admitted.
In its brief the State argues, as it did at trial, that the cross-examination as to participation in other armed robberies was permissible under R.S. 15:446, without compliance with State v. Prieur, supra, to show guilty knowledge and intent. The State contends in brief that because the evidence of other crimes was not used in its case in chief, but was elicited to rebut defendant's denial of guilty knowledge and intent, the Prieur guidelines should not be applicable. Upon oral argument, the assistant district attorney admitted that his trial tactics were a calculated effort to circumvent the guidelines set forth in State v. Prieur, supra.
R.S. 15:446, upon which the State purportedly relied in eliciting evidence of defendant's other criminal acts, provides:
"When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged."
As may clearly be seen by an examination of the above-stated statute, evidence of these other armed robberies could properly be offered under it only if knowledge or intent formed an essential part of the inquiry. Since the murder charged was a felony murder, no specific intent to kill or do great bodily harm had to be proven. R.S. 14:30(2). Nor does the statute which proscribes armed robbery require proof of specific intent. R.S. 14:64. See State v. Prieur, supra. In this case, as in Prieur, there was no question of defendant's acts being unintentional or without guilty knowledge; defendant's previous testimony on cross-examination was replete with unequivocal admissions that he went to the ice company to assist his confederates in robbing it.
Despite these admissions, the record reveals that the assistant district attorney repeatedly attempted to badger the defendant into denying his participation in the armed robbery, going so far, at one point, as to implore the defendant to deny his participation. When these attempts failed, the assistant district attorney abandoned this course of questioning and misstated the defendant's answer in order to cross-examine him as to other offenses.
As noted above, the State argues that the guidelines set forth in Prieur, to be followed when the State intends to offer evidence of other criminal acts under R.S. 15:445 and 15:446, apply only when the evidence of other crimes is offered in the prosecution's case in chief. The State contends that it offered evidence of defendant's other criminal acts in rebuttal to defendant's sworn testimony which denied, in effect, guilty knowledge and intent and that this is not prohibited by Prieur. The State, in brief and in oral argument, misstates the case under consideration. By no means can defendant's testimony be construed as a denial of guilty knowledge or requisite intent. However, even if defendant's testimony could be construed as a denial of guilty knowledge and intent, the State's course of inquiry employed at trial could not be approved.
*853 R.S. 15:444 provides:
"If a statute has made it a crime to do a particular act, no further proof of intent is required than that accused voluntarily did the act; and any evidence that he did not know such act to be forbidden by law is inadmissible."
Had defendant's testimony in fact denied guilty knowledge and intent, the State could properly have objected to such testimony under R.S. 15:444, and had the inadmissible testimony stricken.
It is clear that the assistant district attorney elicited defendant's testimony of participation in other armed robberies after the trial court overruled defense objection to the line of questioning in order to show that the defendant had a bad character, not to establish guilty knowledge and intent which had already been admitted by defendant during prior examination. This conduct is contrary to the letter and the spirit of our statutory scheme and our jurisprudence. See State v. Prieur, supra. It is statutorily provided that a defendant's character is not properly at issue until he chooses to put it at issue. R.S. 15:481; State v. Prieur, supra; State v. Moore, 278 So.2d 781 (La.1973).
In State v. Pettle, 286 So.2d 625 (La.1973), we stated:
"This Court is very intent upon enforcing the rules of law under R.S. 15:445 and R.S. 15:446 as set forth in State v. Prieur and State v. Moore, supra. We fully expect the State to weigh carefully the probative value of even relevant and admissible evidence of other crimes against the prejudicial effect upon the jury. We expect the trial court to control the production of relevant evidence of probative value in a manner which will guard against an over-zealous presentation by the State designed primarily to prejudice the jury into a determination of guilt based upon the defendant's guilt of a crime for which he is not on trial. The evidence of other relevant admissible crimes must be of highly probative value and must not be merely repetitious or cumulative. This evidence cannot be overindulged in to depict bad character or propensity for bad behavior. * * *"
Our intentions have not altered. We hold that the rules applicable to the introduction of prior offenses under R.S. 15:445 and 15:446 apply at every stage of the trial, including the State's cross-examination or rebuttal.
Having concluded that the trial court erred in overruling defendant's objection to questioning which improperly elicited evidence of other crimes, we reverse the conviction and sentence of this defendant and remand the case for a new trial.
SANDERS, C. J., dissents with written reasons.
SUMMERS, J., dissents and assigns reasons.
CALOGERO, J., concurs with reasons.
MARCUS, J., dissents with reasons.
SANDERS, Chief Justice (dissenting).
This case extends the procedural rules governing the admission of similar offenses announced in State v. Prieur, La., 277 So.2d 126 (1973) to include the use of such offenses in cross-examination of the defendant and in rebuttal. Having dissented from the original decision, I also dissent from the present extension. See State v. Evans, 249 La. 861, 192 So.2d 103 (1966).
MARCUS, Justice (dissenting).
I dissent. I do not agree with the majority in this case for the reason that it constitutes an extension of State v. Prieur to rebuttal testimony.
CALOGERO, Justice (concurring).
I concur in holding that the conviction and sentence in this case should be reversed and the case remanded for a new trial because I agree that the evidence of other crimes was not admissible under R.S. 15:445 and 15:446 nor was it relevant, nor sanctioned by any evidentiary rule, statutory or jurisprudential.
*854 Furthermore this case was tried after finality of the judgment in State v. Prieur, 277 So.2d 126 (La.1973) and the state admittedly and calculatedly did not comply nor attempt to comply with the procedural guidelines set forth in that case. Nor is this case distinguishable from Prieur because Prieur makes no such distinction. And the inadmissible evidence is no less harmful because procured in this fashion.
This is the first case we have entertained following Prieur in which non-compliance with Prieur procedural guidelines has been at issue. I consequently consider it appropriate to comment on those guidelines.
Jurisprudentially imposed procedures are certainly not unprecedented.[*] They are nonetheless preferably to be imposed, or enacted by the Legislature. We set them forth in Prieur until such time as the Legislature considers the matter because of the serious risk of reversals in this difficult area of the law, were the trial courts to be unaided by an expression from this Court.
Those five guidelines of course speak for themselves. Essentially however, they are designed, in fairness, to alert the defendant to what crimes, uncharged, the State intends to use, to cause by the trial court a studied consideration of the admissibility of the evidence sought to be introduced, and to assure that in the event such evidence is introduced proper instructions as to the purpose of such introduction is afforded the jury.
The majority opinion properly states that our pronouncement in Prieur, including the required procedures, has not changed or altered. I deem it advisable however to express that I personally consider substantial compliance with those five procedural guidelines sufficient. I do not believe that hypertechnical application of those rules is required. Certainly that is not what I understand to have been the intention of this Court when Prieur was handed down.
SUMMERS, Justice (dissenting).
It is my opinion that the extension of the rule announced in State v. Prieur, 277 So.2d 126 (La.1973), which this opinion represents, will be impossible to apply in actual practice. It is unfair to impose upon the District Attorney the burden of anticipating that it will be necessary to use evidence of other offenses to prove intent, knowledge or system on cross-examination or rebuttal. It requires anticipating the defendant's evidence in advance of trial when the State has no right to discovery or production. Moreover, I dissented in State v. Prieur, and I have not since been convinced of the salutary features of that decision.
I respectfully dissent.
NOTES
[*] R.S. 15:495 provides, "Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, * * *." (Emphasis supplied.)
[*] See State v. Ray, 259 La. 105, 249 So.2d 540 (1971); State v. Davidson, 248 La. 161, 177 So.2d 273 (1965).