296 So.2d 316 (1974)
STATE of Louisiana
v.
Thomas Earl PEARSON.
No. 54321.
Supreme Court of Louisiana.
June 10, 1974.
*317 Stacey Moak, Weber & Weber, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The defendant, Thomas Earl Pearson, after being tried and convicted of armed robbery, was sentenced to serve 25 years at hard labor. He now appeals, relying upon 16 bills of exceptions for reversal of his conviction and sentence. Finding merit in defendant's Bills of Exceptions Nos. 10, 12, 13, and 14 relating to use of evidence of another offense by the State, we find it necessary to discuss only these Bills of Exceptions and Bill of Exceptions No. 1, reserved when the trial court denied defendant's motion to recuse the District Attorney.
A brief narration of the facts is necessary for an understanding of the bills of exceptions. On December 14, 1971, an elderly diamond merchant was robbed at gun point of a quantity of diamonds in Baton Rouge, Louisiana. The following April, the defendant, who operates a jewelry store, was arrested and charged with receiving stolen goods after being found in possession of gems similar to those stolen.
In September, 1972, George Bursavich, the State's key witness, was arrested for possession of marijuana; in return for state immunity for all previous crimes committed in East Baton Rouge Parish, he agreed to be a witness against the other participants in these crimes. Among the crimes to which he confessed was the robbery of the diamond merchant. He stated that the defendant, Pearson, hired him to commit the crime and received the proceeds of the robbery. The defendant was then charged with armed robbery.

BILLS OF EXCEPTIONS NOS. 10, 12, 13, and 14
These bills relate to the use of evidence of an extraneous offense by the State. Defendant Pearson took the stand and denied that he had hired Bursavich to rob the victim. During cross-examination, the State asked Pearson if he had hired Bursavich to rob another named victim prior to the robbery for which he was charged. Defense counsel objected to the questioning, and the objection was overruled. Pearson then denied participation in the other robbery. On rebuttal, the State called the other victim who testified regarding the robbery committed against her. Timely objection to this evidence was made and overruled. Upon being recalled to the stand, Bursavich testified that the defendant told him that the other victim had a valuable diamond ring and that if Bursavich would get the ring he, defendant, would dispose of it. Bursavich also testified that he delivered the jewelry to defendant.
The State asserts that the evidence of the other robbery was introduced to show guilty knowledge and intent. It contends that the evidence was offered to contradict defendant's testimony, which in effect denied guilty knowledge, intent, or any participation in the robbery charged.
The defendant asserts that the admission of evidence of the extraneous offense violates the rules laid down by this Court in State v. Prieur, La., 277 So.2d 126 (1973) and State v. Moore, La., 278 So.2d 781 (1973).
*318 In State v. Prieur, supra, the Court held that when evidence of extraneous offenses is to be offered by the State to prove guilty knowledge, intent, or system under LSA-R.S. 15:445, 15:446, that the following procedures must be followed:
"(1) The State shall within a reasonable time before trial furnish in writing to the defendant a statement of the acts or offenses it intends to offer, describing same with the general particularity required of an indictment or information. No such notice is required as to evidence of offenses which are a part of the res gestae, or convictions used to impeach defendant's testimony.
"(2) In the written statement the State shall specify the exception to the general exclusionary rule upon which it relies for the admissibility of the evidence of other acts or offenses.
"(3) Prerequisite to the admissibility of the evidence is a showing by the State that the evidence of other crimes is not merely repetitive and cumulative, is not a subterfuge for depicting the defendant's bad character or his propensity for bad behavior, and that it serves the actual purpose for which it is offered.
"(4) When the evidence is admitted before the jury, the court, if requested by defense counsel, shall charge the jury as to the limited purpose for which the evidence is received and is to be considered.
"(5) Moreover, the final charge to the jury shall contain a charge of the limited purpose for which the evidence was received, and the court shall at this time advise the jury that the defendant cannot be convicted for any charge other than the one named in the indictment or one responsive thereto."
Although this case was tried after the finality of the judgment in State v. Prieur, supra, the State concedes that these procedures were not followed.
In brief, the State argues that the procedural rules are applicable only to the State's evidence in chief and not to rebuttal evidence. This contention has been answered adversely to the State in the recent case of State v. Ghoram, 290 So.2d 850 (February 18, 1974).[1]
Because of the erroneous admission of the extraneous offense, the conviction must be reversed.

BILL OF EXCEPTIONS NO. 1
Defendant reserved this bill when the trial court denied his motion to recuse the District Attorney, the basis for the motion being that George Bursavich, an alleged participant in the crime with which defendant is charged, had been represented by a member of the District Attorney's law firm prior to the time the District Attorney took office. The member of the firm who represented Bursavich was also on the District Attorney's staff at the time of trial. Bursavich had agreed to testify for the State in return for immunity for a number of charges, including the present one. This agreement, however, was made by the previous District Attorney.
Louisiana Code of Criminal Procedure Article 680 provides in pertinent part:
"A district attorney shall be recused when he:
"(1) Has a personal interest in the cause which is in conflict with fair and impartial administration of justice;
"(3) Has been employed or consulted in the case as attorney for the defendant *319 before his election or appointment as district attorney."
Paragraph (3) is inapplicable. Neither the District Attorney nor any of his assistants ever represented the defendant. No showing was made that the District Attorney has an interest in the cause so as to require recusal under paragraph (1).
This bill of exceptions is without merit.
For the reasons assigned, the conviction and sentence are reversed and the case is remanded for a new trial.
SUMMERS, J., dissents.
MARCUS, J., concurs with reasons.
MARCUS, Justice (concurring).
I concur. I dissented in State v. Moore and State v. Ghoram. At the time the Prieur decision was handed down, I was not a member of the Court. Like the author of the present opinion, I consider this line of jurisprudence erroneous; however, since the majority supports these decisions, I feel constrained to concur in this opinion.
NOTES
[1] The author of this opinion dissented in State v. Prieur, supra, State v. Moore, supra, and State v. Ghoram, supra. He is still of the opinion that this line of jurisprudence is erroneous. Since a majority of the Court presently supports these decisions, however, he is obliged to apply them when writing as an organ of the Court in cases assigned to him.