MARCUS, Justice.
James Cummings appeals his conviction on a charge of armed robbery (R.S. 14:64) for which he was sentenced to serve forty-five years without benefit of parole, probation or suspension of sentence.
Finding reversible error in the rulings of the trial court in Bills of Exceptions Nos. 5, 6, 7 and 9, we need not discuss the other bills reserved during the course of the trial.
These bills relate to the introduction by the State of evidence of another offense other than the one charged in this prosecution. The objections and motions for mistrial urge that the allowance of this evidence without prior notice by the State violates the rules laid down by this Court in State v. Prieur, 277 So.2d 126 (La.1973) and State v. Moore, 278 So.2d 781 (La.1973). The guidelines set out in the Prieur decision were not followed.
When defendant was arrested, a Derringer was found in his house. Three police officers testified at the trial that at the time of arrest the defendant admitted the gun belonged to him. Defendant took the stand and was asked if the gun was his. He stated that it was. The State cross-examined him regarding his asserted ownership. It was defendant’s testimony that he had purchased the Derringer from a “dude” in a bar some two or three months prior to his arrest.
On re-direct examination by his counsel, defendant again asserted his ownership by purchase of this Derringer. The State then called in rebuttal, the witness Boeker. Boeker stated that he had owned the gun, it having been given to him by his mother in 1950. He testified that this Derringer was stolen from him in a service station robbery on December 13, 1972. The robbery involved in the present prosecution occurred on December 21, 1972. In response to the State’s question: “And do you see the man in the courtroom who took it from you?” Boeker replied, “Yes *726 sir.” The State then asked: Would you point him out to the jury” and Boeker answered : “Right there” pointing to the defendant.
The objections and motions for mistrial contained in these bills are levelled at this interrogation and the identification by Boeker of the defendant as the person who robbed him on December 13, 1972 and took the Derringer during this robbery.
The contention of the State is that this was rebuttal evidence offered to contradict the testimony given by the defendant himself that he was the owner of the gun. Thus, the State urges the Prieur and Moore decisions are not applicable.
The contention of the State has been answered adversely in two recent decisions of this Court handed down since the trial of this matter. In State v. Ghoram, 290 So. 2d 850 (La.1974) and State v. Pearson, 296 So.2d 316, handed down, 1974, the procedural rules of Prieur were held applicable not only to the State’s evidence in chief but also to cross-examination and rebuttal evidence.
It is to be observed that the issue of ownership of the gun by the defendant was first injected into the case by the State in its presentation of the testimony of three police officers. Defendant’s testimony as to his ownership of the gun was simply corroboration of the police officers’ testimony. There was no legal reason for the State to “contradict” this by offering the rebuttal testimony of Boeker as to the robbery of him by defendant, and allowing Boeker to point out the defendant as that robber in the presence of the jury.
Clearly, such procedure violates Prieur, Moore, Ghoram and Pearson. The erroneous admission of the extraneous offense is reversible error and grounds for a mistrial under Article 770(2) C.Cr.P.
For the reasons assigned, the conviction and sentence are reversed, and the case is remanded for a new trial.
SUMMERS, J., dissents and assigns reasons.
SANDERS, C. J., dissents with written reasons.
DIXON, J., concurs with reasons.