BRACY ᴇᴛ ᴀʟ. *v.* UNITED STATES

No. A–798 (77–1360).   Decided March 29, 1978

Mʀ. Jᴜsᴛɪᴄᴇ Rᴇʜɴǫᴜɪsᴛ, Circuit Justice.

Applicants were convicted of several related narcotics offenses in the United States District Court for the Southern District of California.   The Court of Appeals for the Ninth Circuit affirmed their convictions, and denied their petition for rehearing on February 28, 1978.   That court granted their request for a stay of its mandate only pending consideration of their petition for rehearing, and not pending their petition for certiorari.   The Court of Appeals denied rehearing and issued its mandate, and applicants now request that I stay the enforcement of the judgment of the Court of Appeals pending disposition of that petition for certiorari here.

The chief contention raised by applicants in their petition for certiorari is that a witness committed perjury before the grand jury which indicted them.   The witness admitted his perjury at trial, and applicants moved to dismiss the indictment, contending that the prosecutor should have immediately

informed the defense and the court when he became aware of the perjury. The District Court denied the motion, and the Court of Appeals affirmed, relying on its opinion in *United States* v. *Basurto,* 497 F. 2d 781, 785–786 (1974), which held that perjury by a witness would invalidate an indictment only when his testimony was material.

Applicants rely upon such cases as *Mooney* v. *Holohan,* 294 U. S. 103 (1935), in support of their contention that the disclosure of the perjury required the court to declare a mistrial on its own motion. Pet. for Cert. 10. In that case, this Court first held that the knowing introduction of perjured testimony at a criminal trial rendered the resulting conviction constitutionally invalid. Later cases have held that the prosecutor has a duty to correct testimony he knows to be false, even if its introduction was not knowing and intentional. *Giglio* v. *United States,* 405 U. S. 150 (1972); *Napue* v. *Illinois,* 360 U. S. 264 (1959). Applicants suggest that the prosecutor has a similar duty with regard to testimony introduced in grand jury proceedings which is later shown to have been false.

Because it seems to me that applicants misconceive the function of the grand jury in our system of criminal justice, I cannot conclude that four Justices of this Court are likely to vote to grant their petition. The grand jury does not sit to determine the truth of the charges brought against a defendant, but only to determine whether there is probable cause to believe them true, so as to require him to stand trial. Because of this limited function, we have held that an indictment is not invalidated by the grand jury's consideration of hearsay, *Costello* v. *United States,* 350 U. S. 359 (1956), or by the introduction of evidence obtained in violation of the Fourth Amendment, *United States* v. *Calandra,* 414 U. S. 338 (1974). While the presentation of inadmissible evidence at trial may pose a substantial threat to the integrity of that factfinding process, its introduction before the grand jury poses no such threat. I have no reason to believe this Court

will not continue to abide by the language of Mr. Justice Black in *Costello, supra,* at 363: "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more."

The application is denied.