### UNITED STATES of America, Plaintiff–Appellant,

v.

### LEVERAGE FUNDING SYSTEMS, INC., a corporation, Centaur Films, a corporation, Peter S. Traynor, an individual, William G. McDonald, Jr., an individual, Defendants–Appellees.

### No. 79–1677.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1980.

Decided Oct. 3, 1980.

---

Theodore W. Wu, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff–appellant.

Richard H. Kirschner, Los Angeles, Cal., for defendants–appellees.

Before FARRIS and NELSON, Circuit Judges, and JAMESON,* District Judge.

FARRIS, Circuit Judge:

The United States appeals the district court's dismissal of a 29–count indictment against Leverage Funding Systems, Centaur Films, Peter Traynor and William McDonald for mail fraud and fraud in the offer and sale of securities. The government contends that the district court erred in ruling that the indictment must be dis-

---

* Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

missed because fewer than twelve of the grand jurors returning the indictment attended every grand jury session. We reverse.

On February 27, 1979, the defendants were indicted by a federal grand jury on 29 counts of mail fraud and fraud in the offer and sale of securities in violation of 18 U.S.C. § 1341 and 15 U.S.C. §§ 77q(a) and 77x. At the defendants' request, the district court required the government to disclose the grand jury voting and attendance records. Those records revealed that of the 19 grand jurors who unanimously voted to indict, 9 were present at all 13 grand jury sessions, 5 were present at 12 sessions, 2 were present at 11 sessions, 2 were present at 9 sessions, and the remaining juror was present at 6 sessions.

On September 5, 1979, the defendants moved to dismiss the indictment, contending that their Fifth Amendment rights were violated because fewer than 12 of the grand jurors who returned the indictment were present at every grand jury session. The district court agreed and dismissed the indictment, concluding that "an indictment is valid under the Fifth Amendment and Fed.R.Crim.P. 6(f) only if at least twelve jurors attend all sessions at which the grand jury hears evidence on the proposed indictment." *United States v. Leverage Funding Systems Inc.*, 478 F.Supp. 799, 800 (C.D.Cal.1979).

We do not question the necessity for an independent and informed grand jury. *See Wood v. Georgia*, 370 U.S. 375, 390–93, 82 S.Ct. 1364, 1373–74, 8 L.Ed.2d 569 (1962). The grand jury stands between the accusor and the accused and represents the primary security to the innocent against hasty, malicious and oppressive prosecution. *Id.* at 390, 88 S.Ct. at 1373. *See also Branzburg v. Hayes*, 408 U.S. 665, 686–88, 92 S.Ct. 2646, 2659–60, 33 L.Ed.2d 626 (1972). Whether this function can be performed by grand jurors who have not heard all the evidence presented by the prosecution is the subject of this dispute.

The identical question was before the Second Circuit in *United States ex rel.* *McCann v. Thompson*, 144 F.2d 604 (2d Cir.), *cert. denied*, 323 U.S. 790, 65 S.Ct. 313, 89 L.Ed. 630 (1944). Judge Learned Hand, writing for the court, concluded:

> Since all the evidence adduced before a grand jury-certainly when the accused does not appear-is aimed at proving guilt, the absence of some jurors during some part of the hearings will ordinarily merely weaken the prosecution's case. If what the absentees actually hear is enough to satisfy them, there would seem to be no reason why they should not vote. Against this we can think of nothing except the possibility that some of the evidence adduced by the prosecution might conceivably turn out to be favorable to the accused; and that, if the absentees had heard it, they might have refused to vote a true bill. No one can be entirely sure that this can never occur; but it appears to us so remote a chance that it should be left to those instances in which it can be made to appear that the evidence not heard was of that character, in spite of the extreme difficulty of ever proving what was the evidence before a grand jury. Indeed, the possibility that not all who vote will hear all the evidence, is a reasonable inference from the fact that sixteen is a quorum.

*Id.* at 607. *See also United States v. Colasurdo*, 453 F.2d 585, 596 (2d Cir. 1971), *cert. denied*, 406 U.S. 917, 92 S.Ct. 1766, 32 L.Ed.2d 116 (1972). Although no other circuit has expressly decided the issue, we have cited *McCann* favorably. *See Lustiger v. United States*, 386 F.2d 132, 139 (9th Cir. 1967), *cert. denied*, 390 U.S. 951, 88 S.Ct. 1042, 19 L.Ed.2d 1142 (1968).

Our independent review leads us to the same result as that reached by the Second Circuit. The Fifth Amendment provides in part that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." This right is implemented by Rules 6(a) through 6(f) of the Fed.R.Crim.P. Rule 6(a) provides that a "grand jury shall consist of not less than 16 nor more than 23 members."

Rule 6(f) provides that an "indictment may be found only upon the concurrence of 12 or more jurors." Neither the Fifth Amendment nor Rule 6(f) expressly states whether a grand juror must hear all the evidence presented before he or she can cast a valid vote for indictment.

This court must give effect to the express terms of Rules 6(a) and 6(f) unless such an interpretation would frustrate the purpose of the rules (*i. e.* implementation of the grand jury provision of the Fifth Amendment.) *See, e. g., Trans Alaska Pipeline Rate Cases,* 436 U.S. 631, 643, 98 S.Ct. 2053, 2061, 56 L.Ed.2d 591 (1978); *Commissioner v. Brown,* 380 U.S. 563, 571, 85 S.Ct. 1162, 1166, 14 L.Ed.2d 75 (1965). A literal interpretation of Rules 6(a) and 6(f) indicates that an otherwise valid indictment will not be dismissed if (1) the grand jury returning the indictment consisted of between 16 and 23 jurors, (2) every grand jury session was attended by at least 16 jurors, and (3) at least 12 jurors vote to indict. Nothing more is required unless the Fifth Amendment requires more.

Leverage Funding contends that the district court's ruling is correct. Otherwise, a juror who did not attend every session might have been absent during the presentation of exculpatory evidence. Leverage Funding apparently reasons that a grand juror can only fulfill his or her constitutional role if he or she hears all the evidence, both inculpatory and exculpatory, which is presented by the prosecution. We disagree.

We understand Leverage Funding's concern, but the purpose of the grand jury indicates that a juror's absence during the presentation of exculpatory evidence is not a proper ground to invalidate that juror's vote for indictment. It is the function of the grand jury to determine whether the evidence presented in a specific case is sufficient to establish probable cause to believe that a crime was committed and that a specific individual committed the crime. *Bracy v. United States,* 435 U.S. 1301, 1302, 98 S.Ct. 1171, 1172, 55 L.Ed.2d 489 (1978);

*Costello v. United States,* 350 U.S. 359, 362, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956). The grand jury is not to weigh evidence to determine guilt or innocence. *United States v. Salsedo,* 607 F.2d 318, 319 (9th Cir. 1979). *See United States v. Calandra,* 414 U.S. 338, 343–44, 94 S.Ct. 613, 617–18, 38 L.Ed.2d 561 (1974). A grand juror can therefore fulfill his or her constitutional role of determining whether the prosecution has presented a prima facie case even if he or she was absent during the presentation of exculpatory evidence.

In any event, exculpatory evidence will rarely be presented to a grand jury. Because the grand jury's function is limited, the prosecutor has no duty to present evidence in his possession which tends to negate guilt. *United States v. Y. Hata & Co.,* 535 F.2d 508, 512 (9th Cir.), *cert. denied,* 429 U.S. 828, 97 S.Ct. 87, 50 L.Ed.2d 92 (1976). Further, an accused has no right to be called as a witness before the grand jury that is considering his or her indictment, *United States v. Salsedo, supra,* and he or she has "no right of cross–examination, or of introducing evidence to rebut the prosecutor's presentation." *United States v. Y. Hata & Co., supra* at 512. A juror who is absent during a portion of the prosecution's case will, in all probability, miss only inculpatory evidence. *See United States ex rel. McCann v. Thompson, supra* at 607.

Leverage Funding also argues that a grand juror who is absent for one or more sessions might miss all the evidence presented by the prosecution in support of an indictment on a particular count. We understand that under the modern practice of presenting grand juries with complex multiple count indictments, Leverage Funding's concern might be valid in some cases. The issue, however, is whether, under the Fifth Amendment, the possibility that an absent juror might not hear any evidence on a particular count is a sufficient basis to invalidate that juror's vote for indictment. We conclude that it is not.[1]

---

1. We recognize that the state of California follows a different rule. *People v. Fujita,* 43 Cal.

App.3d 454, 476–77, 117 Cal.Rptr. 757, 771 (1974), *cert. denied,* 421 U.S. 964, 95 S.Ct. 1952,

The federal grand jury is an independent institution not relegated to a position within any of the three branches of government; it " 'is a constitutional fixture in its own right . . . .' " *United States v. Chanen,* 549 F.2d 1306, 1312 (9th Cir.), *cert. denied,* 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 83 (1977), quoting *Nixon v. Sirica,* 487 F.2d 700, 712 n.54 (D.C. Cir. 1973). Federal courts exercise only a limited "supervisory power" over grand jury proceedings, *United States v. Chanen, supra* at 1313, and they have no authority to review the sufficiency of the evidence supporting an indictment. *United States v. Samango,* 607 F.2d 877, 880 n.6 (9th Cir. 1979). The Fifth Amendment bestows upon grand jurors a heavy responsibility, but lacking evidence to the contrary, courts must presume that grand jurors have properly performed their duties. *See Ostrer v. Aronwald,* 567 F.2d 551, 553–54 (2d Cir. 1977). Courts must also presume that a grand juror who votes to indict an individual on a particular count has heard sufficient evidence to believe that a trial on that count is warranted. *Id.* Leverage Funding has cited no authority, and we have found none, which even suggests that the Fifth Amendment requires the abandonment of this presumption unless a grand juror has heard *all* the evidence presented by the prosecution.

 Under the Fifth Amendment and Fed.R.Crim.P. 6(a) and 6(f), an indictment is valid if (1) the grand jury returning the indictment consisted of between 16 and 23 jurors, (2) every grand jury session was attended by at least 16 jurors, and (3) at least 12 jurors vote to indict. Nothing requires that every juror voting to indict attend every session.

Reversed.

NELSON, Circuit Judge, dissenting:

I respectfully dissent. I would affirm and adopt the opinion of the district court judge, reported at 478 F.Supp. 799 (C.D. Cal. 1979).

---

44 L.Ed.2d 451 (1975), holds that twelve jurors voting to indict must have heard the substance of all the evidence. *Fujita* apparently reflects the special nature of California grand juries. Their function is to weigh all evidence present-ed, Cal. Penal Code § 939.7 (West 1970); prosecutors must present all known evidence favorable to defendants, *Johnson v. Superior Court,* 15 Cal.3d 248, 251, 539 P.2d 792, 794, 124 Cal.Rptr. 32, 34 (1975).