404 So.2d 254 (1981)
STATE of Louisiana
v.
Craig WHITT.
No. 81-KA-0201.
Supreme Court of Louisiana.
September 8, 1981.
Rehearing Denied October 9, 1981.
*256 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Robert Long, J. Kevin McNary, John Craft, Louise Korns, Asst. Dist. Attys., for plaintiff-appellee.
John Lawrence, New Orleans, Orleans Indigent Defender Program, Lyall G. Shiell, James D. Shannon, Hazelhurst, Richard E. Stratton, III, Brookhaven, Craig E. Whitt, pro se, for defendant-appellant.
LOTTINGER, Justice Ad Hoc.[*]
Defendant, Craig Whitt, was charged by bill of indictment with first degree murder, a violation of La.R.S. 14:30. Whitt and a co-defendant were tried before a jury which found him guilty as charged by a unanimous verdict. Pursuant to the jury's recommendation, the accused was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. Defendant now appeals his conviction on the basis of fourteen assignments of error, four of which have been abandoned on appeal.[1]

FACTS
At approximately 10:30 the night of October 26, 1978, the victim, Randy Johnson, answered a knock on the door of his trailer home, and as he stood outside speaking to the man who had knocked, five rifle shots struck and killed him. The shots were fired from behind a fence in an unlighted area near the trailer. Neither the knocker nor the shooter was apprehended at the scene. The five shell casings were recovered, but the rifle was not. After a lengthy investigation the police theorized that the victim's estranged wife, Sandra Johnson, had contracted to kill her husband in order to collect on a $67,000.00 insurance policy. It is the state's theory that Mrs. Johnson, dealing through intermediaries, had paid $3,000.00 to the defendant to kill her husband. The state contended that a friend of the accused, Donald Best, knocked on the trailer door and as the victim stepped out, the defendant shot him. Craig Whitt, Donald Best and Sandra Johnson were arrested and charged with first degree murder. Johnson and Whitt were tried as co-defendants; severance had been granted to Best.
Maurice Higgings testified relating how Sandra Johnson had dealt with him to find someone to kill her husband. He contacted Rene Jaunet who in turn contacted the accused. Jaunet testified that he paid the accused a total of $3,000.00 for the killing. Several witnesses testified that the accused admitted the murder, and another witness testified that on an earlier occasion she saw the defendant hiding outside the victim's trailer with a rifle. Neither co-defendant took the stand on his/her own behalf.

ASSIGNMENT OF ERROR NO. 1
By this assignment the defendant asserts that the trial court erred in denying his motion to quash. Defendant argues that it was error for the trial judge to deny his motion to quash the indictment against him because: a death qualified jury would deny him a representative jury and a fair trial; the statute (La.R.S. 14:30) was invalid because it was without responsive verdicts; and he was not provided with the option of a bench trial.
As to the death qualified jury allegation, defendant asserts that he was denied equal protection of the law because the prosecution successfully challenged for cause prospective jurors who were opposed *257 to the death penalty as permitted under La.C.Cr.P. art. 798(2). This same argument was rejected in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), and this court has recently rejected this argument in State v. Berry, 391 So.2d 406 (La.1981). In State v. George, 371 So.2d 762 (La.1979) we held that Article 798(2) had been amended to conform with Witherspoon v. Illinois, supra. Additionally, since the trial court did not impose nor did the jury recommend the death penalty, this defendant was insulated from the death penalty and therefore does not have a valid Witherspoon complaint. State v. George, supra.
Additionally the defendant argues that the indictment fails to charge an offense punishable under a valid statute because the statute under which defendant was convicted was without valid responsive verdicts. In particular, second degree murder was not a valid responsive verdict under La.R.S. 14:30 at the time the killing took place. Defendant allegedly committed murder on October 26, 1978. He was thus charged under the pre-1979 amendment to La.R.S. 14:30 which read in pertinent part: "First degree murder is the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm...." in State v. Booker, 385 So.2d 1186 (La.1980), this court determined that second degree murder which was then defined in La.R.S. 14:30.1 as "... the killing of a human being when the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm," was not a proper responsive verdict to first degree murder as defined above.
Though Booker, supra, raised questions about the responsiveness of a second degree murder verdict, those of guilty, not guilty and guilty of manslaughter remained. La. C.Cr.P. art. 814. Those verdicts were given to the jury. There is no authority for defendant's position that the first degree murder statute is invalid if a verdict of second degree murder is not responsive to it.
Finally, under this assignment, defendant argues that the indictment should have been quashed because he was denied the option of a bench trial. La.C.Cr.P. arts. 780 and 782. In State v. Lott, 325 So.2d 576 (La.1976) this court considered Articles 780 and 782 and determined that, in accordance with the clear legislative intent, a jury cannot be waived in a capital case.
This assignment of error lacks merit.

ASSIGNMENTS OF ERRORS NOS. 2 AND 3
By these assignments the defendant contends the trial court erred in refusing to require the state to answer his motion for a bill of particulars, in holding the answer sufficient, and in failing to conduct an in camera inspection of Brady materials. He further asserts that the state failed to provide requested Brady material. The defendant alleges that testimony of two witnesses, Carl Lacombe and James Moore, before the grand jury that indicted him was procured by prosecution offers of leniency regarding separate charges of armed robbery pending against these witnesses. He contends that the failure of the prosecution to inform him of these offers of leniency was in violation of the ruling of Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).
Neither Moore nor Lacombe testified at the trial of this matter. There is nothing in the record to indicate that any offer of leniency was ever made by the prosecution to Moore or Lacombe. The allegation is pure speculation on the part of the defendant. Additionally, the sister of Moore testified that he was currently serving a 75 year prison sentence at the Hunt Correctional Center.
Giglio v. United States, supra, has never been extended to testimony introduced in grand jury proceedings. Bracy v. United States, 435 U.S. 1301, 98 S.Ct. 1171, 55 L.Ed.2d 489 (1978) (Rehnquist, J. as Circuit Justice).
These assignments of error lack merit.

*258 ASSIGNMENT OF ERROR NO. 4
By this assignment the defendant urges that there was error in the trial court's refusal to grant his motion for severance. Defendant argued that antagonistic defenses would be presented during the trial thus the refusal to sever placed a chilling effect on the exercise of his right to testify in his own behalf, that the ruling prevented him from calling the co-defendant as his witness, and that the ruling created a situation where hearsay evidence inadmissible as to one defendant could be admitted because such evidence was admissible to a co-defendant.
Severance is governed by La.C.Cr.P. art. 704. The burden is upon the defendant moving for severance to satisfy the trial court that justice requires such. Mere allegations do not suffice. State v. Bradford, 367 So.2d 745 (La.1978). In State v. Jenkins, 340 So.2d 157 (La.1976), we held that the trial judge's determination of whether to grant or deny severance rests in his sound discretion, and absent a showing of clear abuse, such a ruling will not be reversed by this court. It is clear from the record that the defendant failed to carry the burden in moving for severance, and that there was no abuse on the part of the trial court.
On the question of an antagonistic defense problem, it would appear that neither co-defendant could have attempted to exculpate him/herself by inculpating the other.
Defendant argues that he was prevented from calling his co-defendant as a witness, but this court has previously held that a request for severance need not be granted simply because a defendant desires to call his co-defendant as a witness. State v. Jenkins, supra. Severance does not force a co-defendant to waive his Fifth Amendment right to remain silent, and there was no showing in the instant case that the co-defendant was willing to testify.
Lastly, as to the issue of hearsay evidence being inadmissible, we are of the opinion that any hearsay evidence would have been admissible under the co-conspirator exception, La.R.S. 15:455.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 5
By this assignment the defendant urges that the trial court erred in allowing the introduction of testimony involving other acts to establish system and intent where there had been no pretrial notice of the state's plan to introduce such evidence. By a pretrial motion defendant sought to prohibit the state from using "system and intent" evidence without complying with the requirements set out in State v. Prieur, 277 So.2d 126 (La.1973). The defendant argues that the state failed to meet the requirements of paragraphs 2 and 3, and that the court disregarded the requirements of paragraph 4 of Prieur.
The testimony at issue is that of Loretta Jackson who testified that late one night approximately two weeks before the murder she drove the accused to the victim's trailer park. After he left her vehicle, she saw the accused with a rifle crouching behind some bushes near the victim's trailer. She testified that she saw a man standing apparently in the defendant's line of fire, so she blew her horn and drove off to create a disturbance. When she arrived at the front of the trailer park she met the defendant who no longer had the rifle, and who said he left because "when the noise was made, people came out."
The state filed notice of its intention to introduce evidence showing that approximately 10 days prior to the murder of Johnson the defendant Craig Whitt went to the immediate area of 7701 Chef Menteur Highway, Lot 13, armed with a rifle, and that upon his arrival, he aimed the rifle at Johnson but did not fire the rifle and was scared away by an observer. The state cited La.R.S. 15:446.
Paragraph 2 of the Prieur rule provides that the state shall specify the exception to the general exclusionary rule upon which it relies for the admissibility of evidence of other acts. The state's citation of La.R.S. 15:446 complies with this paragraph of the *259 rule. A hearing was apparently held on the accused's motion, and though a copy of the hearing has not been provided in the record, we assume that the trial judge concluded that the state was not offering this evidence for its repetitive or cumulative nature nor in an attempt to show the defendant's bad character, and thus the state was in compliance with paragraph 3 of the Prieur rule. We agree.
The state admits that the trial judge failed to specifically mention the questioned evidence in his charge, but it argues that the Prieur rule requires a substantial compliance, and not the hypotechnical application urged by defendant herein. See concurring opinion by Justice Calogero in State v. Ghoram, 290 So.2d 850 (La. 1974). Inasmuch as the prior pointing of the rifle at the intended victim only amounted to an aggravated assault, and the accused was on trial for murder, the jury could not have possibly found the accused guilty of aggravated assault. Nor do we believe that the introduction of such evidence prejudiced the jury against the accused. We therefore find that any error was nonprejudicial.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 7
By this assignment the defendant urges that the trial court erred in allowing testimony by a state witness which concerned a severed co-defendant. Defendant objected to the testimony of a state witness' account of having shown a photographic lineup, containing a photograph of Donald Best, to another state witness, Bobby Lewis. The defendant objected that the testimony was irrelevant. The trial judge overruled the objection and allowed the witness to explain how he had conducted the line.
In presenting its case the state was apparently trying to develop a theory that Donald Best knocked on the victim's door in an effort to provide the accused with an opportunity to shoot him. Mr. Lewis testified that he had been with the victim on the night of the murder and that he saw the face of the man who knocked on the trailer door moments before the shooting. He further testified that the same man had come to the trailer several nights before and had spoken briefly with the victim. Through the photographic lineup he identified this individual as Donald Best.
The trial judge is vested with a wide discretion in determining the relevancy of evidence, and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. King, 355 So.2d 1305 (La. 1978). Considering the alleged role of Best in the murder, the trial judge's decision to allow testimony about the selection of the photographic lineup does not appear to have been an abuse of discretion.
The accused also asserts in brief that the admission of this testimony was a reversible error because Best, a severed co-defendant, could not be compelled to testify at trial. We note that the accused failed to raise this issue via a contemporaneous objection in the trial court, and thus has waived any right to show it before this court. La.C.Cr.P. art. 841.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 11
By this assignment the defendant contends that the trial court erred in not allowing the jury to retire after the closing arguments and charges and begin deliberation the next day.
The jury retired to deliberate at 8:13 p.m. on the third day of trial. It returned to open court at 11:00 p.m. for further instructions. The trial judge called in the jury at 2:00 a.m. and ordered them to be sequestered for the night and to return for deliberations the next morning. The jury at this point informed the court of its desire to have an additional 10 minutes to deliberate. At 2:15 a.m. the jury informed the court that it had not yet reached a verdict, but asked for an additional 10 minutes. At 2:30 a.m. the jury was returned to the courtroom and stated that they had not reached a verdict and would like to retire for the remainder of the night. The court agreed and ordered the jurors sequestered and returned at 9:00 a.m. At this point the jury indicated that it had a verdict on one defendant. *260 The verdict of guilty as charged as to this defendant was then read and signed by each of the 12 jurors. This defendant was Craig Whitt. The defendant basically urges that it was error for the court not to have retired and sequestered the jury earlier.
We note again that this objection was not raised in the trial court, thus the defendant has waived his right to waive it before this court. La.C.C.R.P. art. 841.
We feel compelled, however, to point out that there does not appear from the record to have been any pressure placed by the trial judge for this jury to render a verdict prior to being retired for the night. It is clear that the choice was the jurors to continue. This assignment therefore lacks merit.

ASSIGNMENT OF ERROR NO. 13
By this assignment the defendant asserts that the trial court erred in denying his motion for a new trial. Defendant asserts that the motion for a new trial was based on: insufficiency of evidence; the court's failure to grant his motion for severance (see, Assignment of Error No. 4, supra); the failure of the state to provide him with Prieur notice (see, Assignment of Error No. 5, supra); and the existence of witnesses who could have provided him with an alibi.
In regard to defendant's evidentiary sufficiency challenge, the state introduced the testimony of Rene Jaunet who admitted negotiating a $3,000.00 arrangement with the accused to shoot the victim. This witness also testified that the defendant admitted accomplishing what he had been paid for. Lorinda Moore testified that the defendant showed her a newspaper clipping of the victim's murder and said he did it. Additionally, Loretta Jackson stated that two weeks before the murder she saw the accused hiding in bushes outside the victim's trailer aiming a rifle at him.
The evidence presented in the instant case, seen in the light most favorable to the prosecution, appears adequate under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), to justify the jury's conclusion beyond a reasonable doubt that the defendant committed first degree murder.
Lastly, defendant alleges that failure of his attorney to call alibi witnesses constituted grounds for the granting of a new trial. Defendant's bare allegations shed no light on who these witnesses were, why they were not called at trial, what the "alibi" would have been or whether he is asserting that this is newly discovered evidence. This court cannot speculate on what these witnesses could have testified to. Conceivably, they were not called because they would not have been beneficial.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 14
By this assignment the defendant urges that this court review the record for errors patent. We have reviewed the record and it fails to reveal any discernible errors patent. This assignment lacks merit.
For the foregoing reasons the conviction and sentence of defendant are affirmed.
AFFIRMED.
LEMMON, J., concurs in the result.
CALOGERO, J., concurs with reasons.
CALOGERO, Justice, concurring.
I agree that defendant's conviction and sentence should be affirmed. I do not, however, subscribe to the majority's treatment of R.S. 15:445 and R.S. 15:446.
R.S. 15:445 and R.S. 15:446 bar introduction of evidence of other crimes except to establish knowledge, system or intent. State v. Prieur, 277 So.2d 126 (La. 1973) is the leading case on the application of these statutes. As I understand the facts, I do not find that a witness' testimony that the defendant was seen holding a rifle, crouching behind bushes near the victim's trailer shows that he was committing any crime. The State's provoking a pre-trial Prieur ruling seems more out of an abundance of caution, than prompted by necessity.
*261 I would therefore in this case not speak, as the majority has, about whether it was possible for the jury to have found the defendant guilty of aggravated assault nor about whether the error is non-prejudicial. The introduction of evidence of this "stalking incident" was simply a non-criminal episode, relevant nonetheless for establishing the identity of the murderer two weeks later.
NOTES
[*] Judges Ellis, Lottinger, and Ponder of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Calogero, Dennis, Watson, and Lemmon.
[1] An error occurred in numbering and no assignment of error No. 6 exists.