UNITED STATES of America

v.

David WILLIAMS and Allen
J. Balboni.

Crim. A. No. 87–144–MA.

United States District Court,
D. Massachusetts.

Sept. 8, 1987.

Martin D. Boudreau, Boudreau, Burke, Dee & McMenimen, Boston, Mass., for Williams.

Richard E. Welch, Boston, Mass., for U.S.

Stanley E. Greenidge, Hale & Dorr, Boston, Mass., for Balboni.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

The defendant, Allen J. Balboni, has moved for dismissal of this indictment for abuse of the grand jury process. He alleges that the summary testimony of an FBI agent given to a second grand jury presented him in the "worst possible light" and misrepresented the results of his investigation as well as the prior testimony of other witnesses. He learned of this abuse when he received the complete grand jury transcript and reports of interviews prepared by government agents. A brief background is necessary to place this motion in context.

The indictment charges Balboni and another, David Williams, with 14 counts of mail fraud. The fraudulent scheme alleged was to induce customers to purchase silver and other precious metals by false representations and issue false ownership certificates. The representations were false, the indictment charges, because the defendants did not purchase and store sufficient silver to support the certificates as promised, but, rather, converted the money and failed to redeem the certificates.

This indictment is the third relating to this scheme. The first, *United States v. Stewart Lovell,* Crim. No. 87–56–Y, was returned on March 11, 1987. The second, *United States v. David Williams,* Crim. No. 87–144–MA, was returned by the same grand jury on April 15, 1987, the last day of that grand jury's term. Following the trial of the *Lovell* case in May, 1987, the United States Attorney's office decided to seek a superseding indictment in the Williams case which would add Balboni as a defendant. This decision was based at least partly on the testimony of the witnesses at the *Lovell* trial.

Since the term of the grand jury which had returned the indictment against co-defendant Williams had expired, the evidence to support the superseding indictment was presented to a new grand jury. The grand jury heard the FBI agent on June 4, 1987, in what the defendant characterizes as a summary witness role. In addition, the grand jury received certain documentary exhibits as well as the transcripts of the testimony of other witnesses before the prior grand jury, including some of the witnesses mentioned by the FBI agent in his testimony. Some of the testimony heard by the prior grand jury was not presented, nor were some allegedly inconsistent statements by certain of the witnesses pointed out to this grand jury. The failure of the government to present this testimony, the "whole picture," so to speak, is the basis for this motion.

First, I am guided by this Circuit's rulings in cases seeking dismissal for prosecutorial misconduct in presenting matters to the grand jury. It is clear that "only for serious and blatant prosecutorial misconduct that distorts the integrity of the judicial process" should dismissal be entertained. *United States v. Ogden,* 703 F.2d 629, 636 (1st Cir.1983); *United States v. Flaherty,* 668 F.2d 566, 583–85 (1st Cir. 1981); *United States v. Richman,* 600 F.2d 286, 292 (1st Cir.1979). There is no such showing here. There is no legal obligation placed on the government to present evidence favorable to the accused to the grand jury. *United States v. Leverage Funding Systems, Inc.,* 637 F.2d 645, 648 (9th Cir. 1980); *United States v. Lasky,* 600 F.2d 765 (9th Cir.), *cert. denied,* 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979).

Even if the rule were different, I have reviewed the particulars cited by the defendant and I conclude the grand jury was not misled as to any material matter. The alleged scheme to defraud and Balboni's alleged role in it was fairly described by the FBI agent. The critical parts of the presentation were supported and corroborated by the testimony of Lovell and documentary exhibits. Of course, there were the expected inconsistent, conflicting or unclear statements of various other witnesses which might cause an ultimate finder of fact to question the witnesses' credibility. But, in presenting the case to the grand jury, the government's attorney was not obligated to sift through the testimony and cull out evidence arguably favorable to the accused. Furthermore, I have reviewed the portions of the testimony of the witnesses that Balboni alleges were misleading and do not find that to be the case. In some instances, the witness was equivocal, or, in other cases, any inconsistency could not be termed material to the extent it would have affected the grand jury's determination of probable cause.

Accordingly, I find no impropriety or irregularity in the presentation to the second grand jury and the motion to dismiss will be denied.

SO ORDERED.