830 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie L. CURTIS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-5181
 United States Court of Appeals, Sixth Circuit.
 October 2, 1987.
 
 ORDER
 Before BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel agrees oral argument is not necessary. Fed. R. App. P. 34(a).
 
 
 2
 This Pro se federal prisoner appeals the denial of his motion to appear before a federal grand jury. This motion was filed after he had been found guilty under a plea of nolo contendere to arson and insurance fraud. That judgment was affirmed on appeal by this court. In his motion, Curtis seeks to challenge the underlying indictment by contradicting evidence which was presented to the grand jury by investigating federal agents.
 
 
 3
 The district court properly denied the motion. Because we have today in a companion case, #87-5313, denied Curtis's motion under 28 U.S.C. Sec. 2255, finding that his plea was voluntary and intelligent, he is foreclosed from collaterally attacking his original indictment. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). He has no right to be called as a witness before the grand jury, nor a right of cross examination, nor a right to introduce evidence to rebut the evidence presented by the United States. United States v. Leverage Funding Systems, Inc., 637 F.2d 645, 648 (9th Cir. 1980), cert. denied, 452 U.S. 961 (1981).
 
 
 4
 Furthermore, a grand jury proceeding is not an adversary hearing to determine the guilt or innocence of an individual, but an ex parte investigation that decides whether prosecution shall commence. United States v. Calandra, 414 U.S. 338, 343-44 (1974). The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered. Calandra, 414 U.S. at 344-45. The evidence presented to the grand jury is tested at trial, not in a proceeding before the grand jury. See United States v. Short, 671 F.2d 178, 183 (6th Cir.), cert. denied, 457 U.S. 1119 (1982). Moreover, this court has recently stated that it will not review the sufficiency of the evidence, if any, supporting grand jury indictments. United States v. Powell, No. 85-1984, slip op. at 8 (6th Cir. July 24, 1987) citing United States v. Cruz, 478 F.2d 408 (5th Cir.), cert. denied, 414 U.S. 910 (1973).
 
 
 5
 The judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. His requests for the appointment of counsel and to proceed in forma pauperis are also denied.