UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4937

KYLE ANTON DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-95-122)

Submitted: March 31, 1999

Decided: April 21, 1999

Before MURNAGHAN and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kyle Anton Davis, Appellant Pro Se. N. George Metcalf, Assistant
United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kyle Anton Davis appeals his convictions and sentence following a jury trial for bank fraud in violation of 18 U.S.C. § 1344 (1994) (three counts); identification document fraud in violation of 18 U.S.C. § 1028(a)(3) (1994); scheme and artifice to defraud in violation of 18 U.S.C. § 1341 (1994) (two counts); making a false statement in acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6) (1994); possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (1994); use of a false social security number in violation of 42 U.S.C. § 408(a)(7)(B) (1994) (four counts); and access device fraud in violation of 18 U.S.C. § 1029(a)(2) (1994). Davis was sentenced to fifty-one months' imprisonment (thirteen concurrent terms) and five years' supervised release on Counts I-III and V-VI to be served concurrently with three years' supervised release on Counts IV and VII-XIII, a $650 special assessment, and restitution in the amount of $31,223.66. Davis timely noted an appeal.

On appeal, Davis contends that: (1) the indictment was fatally defective; (2) the Government violated the Interstate Agreement on Detainers Act (IAD); (3) his Sixth Amendment right to speedy trial was violated; (4) the Grand Jury proceedings were unlawful; (5) the district court erred in denying his motion to suppress; (6) the evidence was insufficient to support his convictions; and (7) counsel was ineffective. We have reviewed the parties' briefs and the record, and we affirm.

We have reviewed Davis' claim that the indictment was fatally defective and find it to be without merit. See United States v. American Waste Fibers, Co., 809 F.2d 1044, 1046 (4th Cir. 1987). We find that any delay in commencing trial was not violative of the IAD. See Crooker v. United States, 814 F.2d 75, 77 (1st Cir. 1987). Davis failed to demonstrate that the more than two year delay between indictment and trial was prejudicial. See Barker v. Wingo , 407 U.S. 514, 530 (1972). The indictment, which was valid on its face and returned by a legally constituted grand jury, cannot be challenged on the ground that it was not supported by adequate or competent evidence. See United States v. Calandra, 414 U.S. 338, 345 (1974); Bracy v. United

2

States, 435 U.S. 1301 (1978) (chambers opinion, Rehnquist, J.) (submission of inadmissible evidence before grand jury poses no substantial threat to the integrity of the fact finding process). Davis' challenge, therefore, that the evidence presented to the grand jury was insufficient or illegally obtained fails. Although the district court may have erred in failing to conduct an evidentiary hearing on Davis' motion to suppress, we find that the district court properly denied the motion. See United States v. Han, 74 F.3d 537, 539 (4th Cir. 1996) (noting that an appellate tribunal may consider evidence adduced at trial that supports the district court's ruling). We find that the evidence was sufficient to support every count of conviction. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Capers, 61 F.3d 1100, 1107 (4th Cir. 1995). We review claims of ineffective assistance of counsel on direct appeal "if and only if [the ineffectiveness of counsel] `conclusively appears' from the record." See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). Otherwise, such claims should be raised in the district court in a collateral proceeding pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), rather than in this court by direct appeal. See id. Because the record does not conclusively support Davis' claims of ineffective assistance of counsel, we decline to address this issue.

Accordingly, we affirm Davis' convictions and sentence. We grant Davis' motion for leave to file an addendum, and we deny his motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3