MOORE, J.,
concurs.
hi respectfully concur in the majority’s result, but I differ with its treatment of the third assignment of error. The district court erred in admitting into evidence photographs showing the “deplorable” condition of Ms. Small’s apartment in December 2006, when she was arrested for conduct that resulted in her 2007 guilty plea to criminal abandonment.
Evidence of prior bad acts is not admissible to prove the character of a person in order to show that she acted in conformity therewith. La. C.E. art. 404 B(l). The risk is that unrelated evidence might depict the defendant as a “bad person.” State v. Jacobs, 99-0991 (La.5/15/01), p. 24, 803 So.2d 933, 950. Nevertheless, such evidence may be admissible for other purposes, “such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or aceident[.]” Id. The state charged Ms. Small with second degree murder under the theory of felony murder, which prohibits the killing of a human being when the offender is engaged in an enumerated offense “even though he has no intent to kill or to inflict great bodily harm.” La. R.S. 14:30.1 A(2). The state neither alleged nor proved that Ms. Small had any intent to kill or inflict great bodily harm on Sha’Je’Burne. It is incongruous to admit evidence of other bad acts to prove intent when the offense of conviction does not require proof of intent. See State v. Ghoram, 290 So.2d 850 (La.1974).
Even if evidence of prior bad acts is otherwise admissible, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. La. C.E. art. 403. The district court allowed a recitation of the plea colloquy from |2the prior offense, and the testimony of Officer Chandler, who investigated that incident; beyond this, the color photos of Ms. Small’s prior apartment were sorely irrelevant and grievously prejudicial. They show that in 2006, she was an ineffective housekeeper and parent, but they depicted a different apartment and did not prove that the place that burned in January 2008 was in a similar state prior to the fire. Her act of neglect in the instant offense was a temporary absence from the home, not her slovenly domestic skills. There was no evidence that the January 2008 fire was more likely to start or spread because of a cluttered floor. Keeping a dirty house in 2006 is simply not relevant to the charge of leaving the children alone in 2008, but it definitely smeared Ms. Small as a bad person. This is precisely the type of prejudice that Art. 403 forbids.
Nonetheless, the verdict rendered was “surely unattributable” to this error. State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94, 100. I therefore concur in affirming Ms. Small’s conviction and sentence.