Edward L. ALLEN

v.

Sgt. Ralph EICHER, Off. Ferd Stuckrath and Off. Charles Wells.

Civ. No. 17908.

United States District Court
D. Maryland.

Feb. 3, 1969.

Russell R. Reno, Jr., Baltimore, Md. (Court-appointed), for plaintiff.

Paul Berman, Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

Plaintiff, Edward L. Allen, seeks $50,000.00 damages from each of the defendants alleging that the three defendants, all Baltimore City policemen, obtained an incriminating statement from him without advising him of his constitutional right to remain silent in complete violation of the doctrine of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1964). Jurisdiction is based on 42 U.S.C. § 1983 and 28 U.S.C. § 1343. In his amended complaint, filed with the assistance of court-appointed counsel, plaintiff alleges the following facts:

"1. On July 12, 1966, the complainant was accosted by the defendants on Federal Street, in Baltimore City, in the company of one Joyce Hauze. Mrs. Hauze had, minutes before, accused the complainant of assaulting and robbing her, and she had identified the complainant as her assailant. The said defendants, who were aware or who should have been aware of the decision of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, decided on June 13, 1966, nevertheless proceeded to restrict the complainant's freedom, place him in virtual police custody, and interrogate him with respect to Mrs. Hauze's charges, all without advising him of his Constitutional right to remain silent, to have the assistance of counsel, to have counsel appointed for him if he were indigent (which he was), or that anything he said may later be used against him in evidence.

"2. Bewildered by the charges and interrogation, complainant made a statement concerning a previous argument with Mrs. Hauze, which he would not have made had he been advised of his Constitutional rights. Notwithstanding the deprivation thereof, the defendants arrested complainant, carried him away in a police wagon and charged him with assault and robbery, relying on his statement.

"3. At the police station, the defendants continued to interrogate the complainant about Mrs. Hauze's charges, without advising him of his Constitutional rights, and in willful and knowing violation of the Miranda requirements, as a result of which, complainant made a further statement.

"4. Subsequently, complainant was tried for assault and robbery, and one of the defendants, Charles Wells, read into evidence the statements made by complainant, despite his knowledge that they were obtained by illegal means and in violation of complainant's civil rights. As a result, complainant was wrongfully convicted of robbery, and is presently serving a five year sentence in the Maryland House of Correction."

Plaintiff's basic allegation is that defendants violated his constitutional rights by interrogating him without the proper warnings, and that he is entitled to damages under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss under Rule 12(a) of the Federal Rules of Civil Procedure on the ground that the complaint fails to state a claim upon which relief can be granted. Said motion is hereby granted.

Plaintiff misconstrues the impact of Miranda. In that case, the Supreme Court held that " * * * the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, (1966). Thus, Miranda provides that statements which fail to comply with its requirements are inadmissible at trial. However, Miranda does not per se make an interrogation which violates its pre-

cepts into an actionable tort. Unlike an illegal arrest, or an illegal search or seizure, an improper interrogation is not itself a tort. Nor does an interrogation, in and of itself, constitute a denial of the constitutional rights of the person being interrogated.

In Thornton v. Buchmann, 392 F.2d 870, at 874 (7th Cir. 1968), involving an action under 42 U.S.C. § 1983 against police officers for alleged deprivation of plaintiff's constitutional rights during a homicide investigation which did not result in prosecution, the Court said: "It is clear that the officers did not give plaintiff the warnings now required by Miranda v. State of Arizona [citations omitted]. This would prevent the use of his statements in a criminal trial if hereafter commenced, but we think it has no significance in the present case."

If Allen desires to challenge the legality of his conviction because of any violation of *Miranda,* and has not yet done so, Allen should proceed in the following manner.

1. Petitioner should file a petition for postconviction relief in the Criminal Court of Baltimore raising therein any and all claims he wishes to have considered.

2. If relief is denied by that Court, petitioner should apply for leave to appeal to the Court of Special Appeals of Maryland within thirty days after such denial.

3. If leave to appeal is denied by that Court, petitioner may then apply for a writ of habeas corpus in this Court.

4. If leave to appeal is granted by the Court of Special Appeals of Maryland, but relief is denied, petitioner should file a petition for certiorari to the Court of Appeals of Maryland.

5. If that Court denies certiorari, or, after granting certiorari, denies relief, petitioner may then apply for a writ of habeas corpus in this Court.

By following this procedure, petitioner will have exhausted his available state remedies before applying for a writ of habeas corpus in this Court.

For the reasons hereinabove set forth, it is, this 3rd day of February, 1969, by the United States District Court for the District of Maryland, ordered as follows:

1. This Court hereby dismisses the complaint of Edward L. Allen since the complaint fails to state a claim upon which relief can be granted.

2. The Clerk is directed to send copies of this Memorandum and Order to plaintiff, plaintiff's counsel, defendants, defendants' counsel, and to the Attorney General of Maryland.