**Mr. Roy DAVIS, Plaintiff,**

v.

**Mr. James W. HUDSON, Mr. Wayne Sims, Mr. Ken Young, Mr. Tommie Mims, Chief Deputy McJurkin, I. Bird Parnell for Sumter County, Defendants.**

Civ. A. No. 77–1620.

United States District Court,
D. South Carolina,
Columbia Division.

Aug. 18, 1977.

Roy Davis, pro se.

## ORDER

HEMPHILL, District Judge.

 The plaintiff seeks permission to proceed *in forma pauperis* in a civil action against officials of Sumter County or the State of South Carolina. The plaintiff is a state prisoner confined at Central Correctional Institution of the South Carolina Department of Corrections. He has filed previous cases in this court.[1] In the latest proffer, he wants to sue a Sumter County Magistrate (Hudson), a deputy sheriff (Sims), a prosecuting attorney (Young), a person not identified except by name (Mims), and the Chief Deputy Sheriff (McJunkin) and the Sheriff (Parnell) of Sumter County. He seeks his release from prison and damages for a range of alleged violations of his constitutional rights before and during his trial for an offense of an undisclosed nature, and requests a jury trial.[2]

The complaint is inartfully drawn, but construing it liberally because the prisoner is not skilled at drafting pleadings,[3] the plaintiff contends:

(1) A mobile home was entered and "ransacked" without a search warrant at "12:30 P.M."[4] on October 4, 1976 while he was away, and two weapons and a BB air rifle were seized by persons he does not identify;

(2) He was detained by Sumter County officers from 1 A.M. on October 4, 1976 to 5 P.M. that same day "with continuing harrassment all that day without food or water or . . . chance to used [sic] the bath room."

---

1. C/A 72–78 was a habeas case dismissed on 9–13–72. The Court of Appeals for the Fourth Circuit denied mandamus in an order filed here on 11–10–72, and denied a certificate of probable cause in a later order filed here on 3–20–73. C/A 72–526 was a § 1983 suit against an Orangeburg attorney dismissed on 7–10–72. C/A 72–545 was a § 1983 suit against Orangeburg County, and after individual persons were joined as defendants it was tried without a jury on 10–19–73 and resulted in a finding against the plaintiff. C/A 72–591 was a § 1983 suit claiming that three persons committed perjury at his trial. It was dismissed by orders filed on 6–9–72 and 6–21–72.

2. It is at once apparent that Davis has juxtaposed habeas claims and § 1983 claims, and that his habeas claims must be excised from any civil action he pursues under § 1983 and dismissed unless he can show that he has exhausted his state remedies. *Linder v. Turner,* 4th Cir. 1975, 529 F.2d 515; *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Whenever a prisoner after conviction alleges unconstitutionality in the proceedings which caused his confinement (as opposed to allegedly unconstitutional factors which affect the conditions of his confinement), the proper way to present his claim is to submit a petition for a writ of habeas corpus. *Linder v. Turner, supra; Kemp v. Hamill,* 4th Cir. 1976, 539 F.2d 705.

3. *Linder v. Turner, supra,* citing *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir. 1965), and *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

4. He probably meant to type "a.m." in view of his # 2 allegation.

(3) While "officers harrassed him," they denied his request that he be permitted to call his attorney or to permit an attorney to be present; however, he alleges he was permitted to contact an attorney at 10 A.M. on the 4th after he refused to submit to a polygraph examination at Headquarters of the South Carolina Law Enforcement Division (SLED), where he was taken against his will;

(4) He stayed in jail seven days before an arrest warrant was read to him, and thirty-eight days before he knew that his bond had been set at $100,000.00, which Magistrate Hudson refused to reduce at a preliminary hearing; until his bond was reduced to $5,000.00, he remained in jail for eighty-two days; [5]

(5) He was denied a speedy trial; [6]

(6) The prosecutor (Young) induced Dannie Davis, plaintiff's own son, to testify falsely against him by reducing the charges against the son, who thereupon committed perjury against him; and he (plaintiff) was not allowed to call a favorable witness as the result;

(7) He was denied a fair trial because of the use of perjured testimony against him, and because Deputy Sheriff Sims is a cousin of a party he (plaintiff) opposed in an unrelated civil case.

In seeking money damages from Magistrate Hudson and the prosecutor (Young), plaintiff Davis is barred because these officials are immune from liability for damages for acts performed by them in the exercise of their judicial or a quasi-judicial discretion. *Harris v. Chesterfield County Magistrates*, 4th Cir. 1977, 556 F.2d 572, citing *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) and *Timmerman v. Brown*, 528 F.2d 811 (4th Cir. 1975), as to magistrates, and *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), as to prosecuting attorneys. His various claims against these two officials, even if true, sound in habeas corpus, rather than in tort, and if he could show a constitutional deprivation inflicted by the two officials to the detriment of his liberty interest, he would have to petition for relief in the nature of habeas corpus, rather than file a suit under § 1983. As earlier observed, he must first exhaust all remedies in the courts of South Carolina before seeking federal habeas corpus relief.

The first claim does not allege that Davis was damaged by the allegedly illegal entry into his home and the seizure of two weapons.[7] If he desires to assert this claim in a civil action, he must particularize the claim by alleging specific facts as to the ownership of the premises searched, who conducted the search, the damages he suffered as a result of the search, whether the search resulted in the production of evidence used against him at trial, and whether his defense attorney filed any motions or objections seeking to prevent the State from using such evidence against him. His factual allegations, if he decides to pursue the claim, must be "fleshed out to disclose the role, if any," of each defendant he names in his complaint,[8] and he is specifically forewarned that under numerous cases in the Fourth Circuit, he cannot challenge a

---

**5.** He alleges that a court order reducing his bond was delivered by "Lean Dollar, U.S. Marshell." [sic] This is incorrect. He may have in mind J. L. Dollard, who is a SLED agent. The Marshal's office for this District has no officer whose name, phonetically or otherwise, resembles "Dollar."

**6.** He alleges he was arrested on October 4, 1976 and tried on May 13, 1977.

**7.** Davis does not allege that the two weapons belonged to him, or even that the site of the search was his own home. If the mobile home was not his property, he may not have standing to raise a Fourth Amendment objection to the search. If the weapons belonged to him, he may not be aware of the federal statute (18 U.S.C. App. § 1202(a)(1)) which makes it a crime for a convicted felon to possess a firearm that has moved in interstate commerce since June 19, 1968, punishable for each offense of up to two years in federal prison.

**8.** *Carter v. State of Maryland*, 4th Cir. 1976, 532 F.2d 749.

presumptively valid state conviction in a civil rights case.[9] Conceivably, a state prisoner who can show the requisite amount of damages proximately caused by a warrantless, late night entry into his home under conditions that reveal arbitrary or unreasonable force (or damage to property) on the part of law officers would state a valid federal claim.[10] In such event, the prisoner would be wise to heed to the requirement for a basic respect for the truth and the integrity of federal judicial process in submitting allegations of police misconduct under solemn oath or affirmation under pain and penalty of perjury, and he should take care to allege specific facts rather than conclusory allegations.[11] If Davis knew that the officers had warrants, even though they were not shown to him, he has no valid federal claim.[12] He would be collaterally estopped from attacking the validity of the search and his arrest, for his conviction in a state court necessarily determined the existence of probable cause to arrest, and to search, if the search was an issue before or during trial.[13]

Because Davis has jumbled his claims, some of which are frivolous, it is difficult to ascribe a jurisdictional basis for each one. He complains of a search and seizure, his arrest, interrogation techniques employed by officers, bail and other pretrial issues, and the conduct of his trial. In alleging misconduct, he at no place alleges a personal injury, or that such misconduct caused or resulted in self-incriminatory statements or other illegally obtained evidence being used against him at trial. He alleges a *Miranda* violation, but such a violation in the air, so to speak, does not represent a federal habeas corpus claim.[14] He alleges a Fourth Amendment violation, but fails to allege whether illegally seized evidence was used against him, and whether suppression of such evidence was attempted.[15] He has also failed to allege enough specific facts, including damages, to assert a *Bivens* claim under 28 U.S.C. § 1331, note 10, *supra*.[16]

The foregoing discussion effectively disposes of claims (1), (2) and (3), as summarized earlier. Claims (4), (5), (6) and (7) are cognizable here only under 28 U.S.C. § 2254, if cognizable at all in federal court. Claims of perjury in state prosecutions are now commonplace, but a state prisoner cannot sue under 42 U.S.C. § 1983 for perjury unless he has earlier prevailed in a petition for habeas corpus, which Davis does not show he has done.[17] The same impediment

9. See, *e. g., Van Fossen v. Baker*, 4 Cir. 1976, 538 F.2d 326; *La Pietra v. Hines*, 4 Cir. 1976, 538 F.2d 328; No. 75–1741, May 19, 1976; *Macklin v. Court*, No. 75–1085, August 25, 1975; *Turner v. Kent*, 4 Cir. 1976, 529 F.2d 517; *Smith v. McAlea*, 4 Cir. 1975, 529 F.2d 516; and *Ward v. Eagerton*, No. 75–2333, June 28, 1977, 562 F.2d 50.

10. Jurisdiction of any such action would be based on 28 U.S.C. § 1331 rather than 28 U.S.C. § 1343. See *Alger v. Sheriffs' Department*, 4th Cir. 1977, 556 F.2d 571.

11. *Linder v. Turner, supra; Carter v. Maryland, supra; Lewis v. Staff of Fairfax County Jail*, 4th Cir. 1977, 558 F.2d 1029; and *Roseboro v. Dixon*, 4th Cir. 1975, 529 F.2d 516.

12. *Alger v. Sheriffs' Department, supra.*

13. *Jones v. Bledsoe*, 4th Cir. 1976, 549 F.2d 798; *Rodgers v. Miller*, 4th Cir. 1976, 542 F.2d 1169; *cf. Edwards v. Davis*, 4th Cir. 1977, 556 F.2d 572; and *Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

14. "* * * Because no statement made by Smith was introduced by the prosecution, any violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which may have occurred was not prejudicial . . ." *Smith v. United States*, 4th Cir. 1976, 539 F.2d 706. It follows that if Davis was not prejudiced, he could not base a constitutional tort claim on the issue.

15. If he had a fair opportunity to urge an illegal search and seizure before or during trial, he cannot relitigate the validity of the search here. *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

16. *Bivens v. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), cited in *Alger v. Sheriffs' Department, supra.*

17. *Ward v. Eagerton, supra*, citing *Guerro v. Mulhearn*, 498 F.2d 1249 (1st Cir. 1974); *Turner v. Kent, supra; cf. Powers v. Throckmorton*, 4th Cir. 1975, 526 F.2d 589; and *Campbell v. Campbell*, 4th Cir. 1977, 556 F.2d 571.

exists to a suit for malicious prosecution, which is vaguely inferable from the complaint of Davis.[18] And finally, a state prisoner cannot base a federal habeas corpus claim on the probative strength of the prosecution's case against him, for the weight of the evidence is not a constitutional issue under ordinary circumstances.[19]

For the reasons stated, the plaintiff's complaint is too vague and inconclusive to be filed *in forma pauperis* for service at public expense upon the six defendants he names therein. Accordingly, the Clerk shall file it as a record of this proceeding, and it shall stand dismissed without service upon any defendant. Such dismissal shall be without prejudice to the right of the plaintiff to again seek relief provided he can allege specific facts upon which federal jurisdiction can be based.[20]

The Clerk shall mail a copy of this order to the plaintiff at the place of his confinement.

AND IT IS SO ORDERED.

---

18. *Morrison v. Jones*, 551 F.2d 939 (4th Cir. 1977).

19. *Grundler v. North Carolina*, 283 F.2d 798 (4th Cir. 1960); *Williams v. Peyton*, 414 F.2d 776 (4th Cir. 1969); *Holloway v. Cox*, 437 F.2d 412 (4th Cir. 1971).

20. If a civil rights claim is asserted, a plaintiff must allege *who did what*, for the principle of *respondeat superior, i. e.*, that an official is responsible for the acts of his subordinates who work under him, regardless of whether he actively engaged in the infliction of damages to a victim of misconduct, does not apply in suits for damages under 42 U.S.C. § 1983. *Bursey v. Weatherford*, 528 F.2d 483, 488 (4th Cir. 1975), reversed on other grounds 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1976).