**Clifton TURNER, Plaintiff,**

v.

**John Patrick LYNCH, Shield # 2 and Christopher Calabrese, Shield # 39, Defendants.**

No. 81 Civ. 5711 (WK).

United States District Court, S. D. New York.

March 22, 1982.

Clifton Turner, Jr., pro se.

Vincent R. Fontana, Wilson, Elser, Edelman & Dicker, New York City, for defendants.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Plaintiff sued for damages, alleging that defendants—both police officers—violated his Fifth and Fourteenth Amendment rights by "fail[ing] to adhere to the established principles of the *Miranda* warning" and by testifying before a grand jury and "us[ing] . . . [two] illegally obtained statements to procure an indictment against plaintiff." Complaint at 2–3. We deem such action to have been brought pursuant to 42 U.S.C. § 1983. Defendants now move to dismiss the complaint or for summary judgment, and for an award of attorney's fees pursuant to 42 U.S.C. § 1988.

The material facts—which we cull from defendants' moving papers and supporting affidavits—are briefly these.[1] On March 7,

---

1. Plaintiff pro se has not submitted papers in opposition to defendants' motion. However, defendants' version of the facts was neither

1979, a valid arrest warrant in hand, defendant Lynch—then a detective with the Peekskill police force—went to plaintiff's house to arrest him on charges of grand larceny. When he arrived he saw plaintiff standing on the sidewalk with his young son. Detective Lynch first suggested that plaintiff should send the boy into the house, but the suggestion was not followed. He then informed plaintiff that he had an arrest warrant and, in response to plaintiff's question "For what?", Detective Lynch answered, "Grand Larceny: a woman claimed she gave you two checks for $9,000." Plaintiff retorted, "No woman ever gave me no check for nothing." This is the first of the two incriminating statements at issue.

After this exchange, plaintiff jumped into his car with his son and drove away. He was stopped a few blocks away by Detective Lynch and by Officer Calabrese—the second defendant—who, at Lynch's request, had arrived at the scene as a backup. Plaintiff was then placed in Officer Calabrese's patrol car and taken to police headquarters. Plaintiff's son accompanied them in the patrol car at plaintiff's insistence, in spite of Detective Lynch's suggestion that he be allowed to escort the boy home. During the trip between the scene of the arrest and headquarters Officer Calabrese advised plaintiff of his rights, although there is no suggestion that interrogation was attempted en route to the police station. Plaintiff was again advised of his rights upon arrival. It appears that at the police station, plaintiff asked Detective Lynch the identity of the person who had filed a complaint against him and, in reaction to Lynch's statement that it had been a woman who claimed having given plaintiff a $9,000 check to purchase annuities for her, plaintiff stated, "I don't know anything about $9,000." This is the second inculpatory statement at issue. Both statements were excluded from plaintiff's trial in a pre-trial suppression hearing, but plaintiff was nonetheless convicted, ostensibly on other evidence. Neither Calabrese nor Lynch testi-

fied at the trial, but the statements were indeed introduced before the grand jury which investigated and indicted the plaintiff.

■ The main function of a grand jury is to determine if probable cause exists to believe that a crime has been committed and, if so, to file charges against such persons as are reasonably believed to have committed it. *Branzburg v. Hays* (1972) 408 U.S. 665, 686–87, 92 S.Ct. 2646, 2659, 33 L.Ed.2d 626. To do so, the grand jury has broad powers of investigation that are "unrestrained by the technical, procedural and evidentiary rules governing the conduct of criminal trials." *United States v. Ciambrone* (2d Cir. 1979) 601 F.2d 616, 622. For instance, a grand jury may consider evidence obtained in violation of the Fourth Amendment, *United States v. Calandra* (1974) 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561, in violation of the Fifth Amendment, *United States v. Blue* (1966) 384 U.S. 251, 255 n.3, 86 S.Ct. 1416, 1419, 16 L.Ed.2d 510, or it may rely upon hearsay or otherwise incompetent evidence, *Costello v. United States* (1956) 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397. *See also In Re Millow,* (2d Cir. 1976) 529 F.2d 770; *United States v. Ciambrone, supra.* The Constitution requires only that the integrity of the fact-finding process be upheld by restricting the admissibility at trial of tainted evidence, not by precluding its introduction before a grand jury. *Bracy v. United States* (1978) 435 U.S. 1301, 98 S.Ct. 1171, 55 L.Ed.2d 489 (Rehnquist as Circuit Justice). By testifying before the grand jury and mentioning the statements that were later excluded from trial, the defendants in this case did no more than what the law allows. It cannot be said, therefore, that the presentation of these statements to the grand jury subjected plaintiff to a wrong, let alone to one of a constitutional magnitude. Insofar as the complaint is based on the introduction of the disputed statements before the grand jury, it thus fails to state a cause of action.

contradicted by plaintiff at oral argument on the record, nor is it inconsistent with the allegations in the complaint.

■ In the alternative the complaint alleges a cause of action for damages based on the interrogation itself, on grounds that it was conducted in violation of the *Miranda* caution. Such allegations, even if true, do not support a cause of action either. As Judge Motley stated in *O'Hagan v. Soto* (S.D.N.Y.1981) 523 F.Supp. 625, a case of first impression in this Circuit:

> [E]very other federal court ever confronted with [the legal sufficiency of a 1983 claim based upon failure to give *Miranda* warnings], including three federal appellate courts, has rejected the argument as a matter of law [footnote omitted]. This court is constrained to agree. *Miranda* requires, as a mechanism to enhance judicial supervision of the criminal justice system, that criminal defendants be warned of certain constitutional rights possessed by all criminal defendants. Nothing in the *Miranda* opinion even suggests the elevation of the warning itself to the level of a constitutional rights. The warnings are clearly in aid of a number of crucial rights, but the Supreme Court has already created the mechanism for enforcing the required warnings— suppression of statements and evidence gathered in violation of the warnings requirement. *There is no reason or support for subjecting law enforcement officials to civil liability for failure to give Miranda warnings.* 523 F.Supp. at 629 (emphasis added).

This Court is also constrained to agree. The violation of the *Miranda* rule—which is but a prophylactic measure, *Michigan v. Tucker* (1974) 417 U.S. 433, 444–46, 94 S.Ct. 2357, 2363–2364, 41 L.Ed.2d 182—does not rise to the level of a constitutional tort. *See also Bennett v. Passic,* (10th Cir. 1976) 545 F.2d 1260; *Thornton v. Buchmann,* (7th Cir. 1968) 392 F.2d 870; *Davis v. Hudson* (D.S.C.1977) 436 F.Supp. 1210; *Hampton v. Gilmore* (E.D.Mo.) 60 F.R.D. 71, *aff'd,* (8th Cir. 1973) 486 F.2d 1407; *Allen v. Eicher*

(D.Md.1969) 295 F.Supp. 1184; *Ambrek v. Clark* (E.D.Pa.1968) 287 F.Supp. 208; *Chrisco v. Shafran, et al.* (D.Del.1981) 507 F.Supp. 1312. Whatever wrong the defendant suffered did not go unrequited: both statements were excluded as evidence in his trial. That—and no other—is the remedy which the law allows for the wrong that this defendant alleges to have suffered. Therefore, to the extent that the complaint is based on the interrogation itself on the sole ground that it was conducted without complying with the *Miranda* caution, it also fails to state a cause of action.[2]

■ In light of our rulings above, the defendant is the "prevailing party" entitled—in the Court's discretion, *Milwe v. Cavuoto* (2d Cir. 1981) 653 F.2d 80, 82—to attorney's fees under 42 U.S.C. § 1988. However, unlike successful plaintiffs who should ordinarily recover attorney's fees unless special circumstances would render such award unjust, *Milwe v. Cavuoto, supra,* at 82, successful defendants in civil rights cases have been allowed to recover attorney's fees only upon a finding that plaintiff's action was frivolous, unreasonable, or without foundation. *Christiansburg Garment Co. v. EEOC* (1978) 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648; *Mid-Hudson Legal Services, Inc. v. G & U, Inc.* (2d Cir. 1978) 578 F.2d 34, 37. With these principles in mind, and on the record before us, we are not inclined to grant defendant's motion for attorney's fees. This is hardly the paradigm of frivolity or unreasonableness which has led courts in the past to award attorney's fees to prevailing defendants. *See,* for instance, *Harbulak v. County of Suffolk* (2d Cir. 1981) 654 F.2d 194 (allegation by an attorney—plaintiff pro se— that police officer's reaching into a vehicle to leave two unaccepted summonses on dashboard violated constitutional right to privacy); *Glass v. Pfeffer* (10th Cir. 1981) 657 F.2d 252 ("ridiculous" and "baseless" motion by plaintiff for attorney's fees

---

**2.** We have considered the case-law cited by plaintiff in oral argument. *See,* for example, *Glover v. City of New York* (E.D.N.Y.1975) 401 F.Supp. 632; *Huggins v. White* (S.D.N.Y.1970) 321 F.Supp. 732; *Bur v. Gilbert* (E.D.Wis.1976)

415 F.Supp. 335. The cases deal generally with 1983 actions, but they do not specifically address the issue before us—the viability of a 1983 action based *solely* on the receipt of evidence in violation of *Miranda* guidelines.

against a defendant in whose favor summary judgment had already been granted); *Carrion v. Yeshiva University* (2d Cir. 1976) 535 F.2d 722 (plaintiff relitigating in federal court a matter already decided against her in state court, and trial court's finding that plaintiff's testimony "constituted an unmitigated tissue of lies"). We cannot say that plaintiff pro se had—at least until this point in the proceedings—the ability "to obtain the knowledge to recognize that his claim ... was unreasonable and groundless." *Harbulak v. County of Suffolk, supra*, at 198. Indeed, under these circumstances plaintiff can "claim the special consideration which courts customarily grant to pro se parties." *Harbulak, supra*, at 198. Furthermore, in this Circuit the state of the law on the underlying claim is not sufficiently settled in defendant's favor to justify a finding that plaintiff's action was totally without foundation.

In sum: defendant's motion to dismiss the complaint for failure to state a cause of action is granted; defendant's motion for the award of attorney's fees is denied.

SO ORDERED.