**Marianne E. ENGBLOM and Charles E. Palmer, Plaintiffs-Appellants,**

v.

**Hugh L. CAREY, Governor of the State of New York, et al., Defendants-Appellees.**

**No. 534, Docket 83–7707.**

United States Court of Appeals, Second Circuit.

Argued Dec. 15, 1983.

Decided Dec. 20, 1983.

Richard J. Goldman, New York City (Ricken, Goldman, Sussman & Blythe, Alan N. Sussman, New York City, of counsel), for plaintiffs-appellants.

Arlene R. Silverman, New York City, Asst. Atty. Gen., State of N.Y. (Robert Abrams, Atty. Gen., State of N.Y., Melvyn R. Leventhal, Deputy First Asst. Atty. Gen., New York City, of counsel), for defendants-appellees.

Before FEINBERG, Chief Judge, FRIENDLY and OAKES, Circuit Judges.

City, an allegation somewhat inconsistent with the claim of a conspiracy against the class of

**PER CURIAM:**

This is an appeal from a judgment of the United States District Court for the Southern District of New York, Robert W. Sweet, J., granting appellees' motion for summary judgment on the ground that appellees were protected by a qualified immunity and dismissing appellants' complaint alleging violation of their rights under the due process clause of the Fourteenth Amendment and under the Third Amendment during a statewide strike of correction officers, when they were evicted from their facility-residences without notice or hearing and members of the National Guard were housed in their residences without their consent. In May 1981, the district court had granted summary judgment to appellees on the ground that appellants' possessory interests in their facility-residences were insufficient to invoke the protections of the due process clause and the Third Amendment. *Engblom v. Carey,* 522 F.Supp. 57 (S.D.N.Y. 1981). On appeal, this court affirmed the dismissal of the due process claim, but on the ground that adequate post-deprivation proceedings were accorded. However, we reversed and remanded the dismissal of the Third Amendment claim on the ground that we could not hold as a matter of law that appellants' possessory interests were not entitled to Third Amendment protection. *Engblom v. Carey,* 677 F.2d 957 (2d Cir. 1982). Upon remand, the district court ruled that appellees were protected by qualified immunity, see e.g., *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), because appellants' Third Amendment rights were not clearly established at the time of the events in question.

We affirm the judgment of the district court for the reasons stated in Judge Sweet's opinion, reported at 572 F.Supp. 44 (S.D.N.Y.1983).