**Brian O'HAGAN, Plaintiff-Appellee,**

v.

**Hector L. SOTO, Defendant-Appellant.**

**No. 356, Docket 82–7286.**

United States Court of Appeals,
Second Circuit.

Submitted Sept. 6, 1983.

Decided Jan. 16, 1984.

See also, 523 F.Supp. 625.

Michael F. Close, New York (Barry McTiernan & Moore, New York City, on the brief), submitted a brief for defendant-appellant.

Robert Devine, Hollis, N.Y., submitted, without a brief, for plaintiff-appellee.

Before NEWMAN, KEARSE and PRATT, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the District Court for the Southern District of New York (Constance Baker Motley, Chief Judge) awarding $1 in nominal damages to plaintiff Brian O'Hagan against defendant Hector L. Soto, a detective in the Haverstraw, New York, police department. Because we agree with Soto's contention that he was entitled to qualified immunity in the circumstances of this case, we reverse.

O'Hagan brought suit against Soto under 42 U.S.C. § 1983 (Supp. V 1981), alleging a denial of his Sixth Amendment right to counsel. The deprivation allegedly occurred when Soto, questioning O'Hagan at the police station following O'Hagan's arrest for possession of stolen property, denied him the opportunity to make a telephone call. No incriminating statement was obtained. Subsequently O'Hagan called his father, who came to the police station and secured his son's release on bail after an arraignment before a Village Justice. The criminal charge was ultimately dismissed.

Trial of the section 1983 claim resulted in an initial verdict of $25,000 compensatory damages and $25,000 punitive damages. Chief Judge Motley understandably ruled these awards excessive and, upon O'Hagan's refusal to accept a remittitur down to $1,500, ordered a new trial limited to damages, 565 F.Supp. 422. Upon retrial before Judge Palmieri, the second jury awarded O'Hagan no damages.[1] After subsequent

---

1. The difference in outcome from the award of    the first jury may have resulted from the fact

procedural steps not relevant to this appeal, Chief Judge Motley ordered that the action be discontinued upon plaintiff's agreement to accept $1 as nominal damages.[2] Soto did not agree to pay the dollar, apparently resisting any acknowledgement of wrongdoing.

Soto contends on appeal, among other things, that O'Hagan's Sixth Amendment right to counsel had not attached during questioning at the police station and did not attach until the subsequent arraignment which, in his view, marked the commencement of criminal proceedings within the meaning of *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). In *United States ex rel. Robinson v. Zelker,* 468 F.2d 159 (2d Cir.1972), we held that New York criminal proceedings begin, for Sixth Amendment purposes, with the issuance of an arrest warrant. The state law in effect during the relevant events in *Robinson* was repealed in 1970 and replaced with the New York Criminal Procedure law (McKinney 1981). The new statute provides that a criminal action is commenced "by the filing of an accusatory instrument with a criminal court." *Id.* § 100.05. Arguably the charging document underlying the warrant on which O'Hagan was arrested sufficed to trigger Sixth Amendment protection, but the matter is clouded by our decision in *United States v. Duvall,* 537 F.2d 15 (2d Cir.1976), which held that the right to counsel attaches in federal cases upon arraignment before a magistrate and not upon an earlier arrest on a warrant supported by a complaint.

Though Chief Judge Motley ruled in this case that O'Hagan's right to counsel had attached at the time he was questioned by Soto, she acknowledged that the continued vitality of *Robinson* was "unclear" in the wake of *Duvall. O'Hagan v. Soto,* 523 F.Supp. 625 (S.D.N.Y.1981). That very uncertainty, which we do not resolve in this decision, is pertinent to Soto's claim of qualified immunity. Now that the Supreme Court has made the objective component of the qualified immunity defense paramount, *Harlow v. Fitzgerald,* 457 U.S. 800, 817–19, 102 S.Ct. 2727, 2738–2739, 73 L.Ed.2d 396 (1982), a defendant is entitled to prevail when his conduct does not violate "clearly established" rights, *id.* at 818, 102 S.Ct. at 2739. *See Procunier v. Navarette,* 434 U.S. 555, 565, 98 S.Ct. 855, 861, 55 L.Ed.2d 24 (1978); *Woods v. Strickland,* 420 U.S. 308, 321, 95 S.Ct. 992, 1000, 43 L.Ed.2d 214 (1975); *Engblom v. Carey,* No. 83–7707, 724 F.2d 28 (2d Cir. Dec. 20, 1983). Though the Sixth Amendment right to counsel is well established, the uncertainty as to whether it had attached at the time Soto questioned O'Hagan entitles Soto to resist liability on the basis of qualified immunity.[3] For this reason, the judgment against him must be reversed.[4]

Appellant's claim for an award of counsel fees and his lawyer's request that critical

that Soto, who had not been a witness at the first trial, testified at the second trial and sharply disputed O'Hagan's version of the episode.

**2.** The $1 award was a remittitur accepted in lieu of yet a third damage trial. In view of our holding, *infra,* that Soto has a complete defense to liability, we need not decide whether the $1 would have been properly awarded as a remittitur or whether the District Court would have had the authority, notwithstanding the second jury's award of no compensatory damages, to award $1 as nominal damages, *see Carey v. Piphus,* 435 U.S. 247, 266–67, 98 S.Ct. 1042, 1053–54, 55 L.Ed.2d 252 (1978), without encountering a Seventh Amendment obstacle, *see Dimick v. Schiedt,* 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935).

The $1 is the only sum at issue. O'Hagan's motion for counsel fees as the prevailing party in the District Court was denied as untimely. The motion was filed four months after the deadline set by the District Court.

**3.** Though Soto did not plead qualified immunity as an affirmative defense in his answer, the record reveals that he vigorously sought to assert the defense thereafter, and the defense was not rejected as untimely.

**4.** The sufficiency of the qualified immunity defense makes it unnecessary to consider whether a Sixth Amendment violation occurs when no incriminating statement is obtained. *Cf. Weatherford v. Bursey,* 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977).

remarks of the District Judge be expunged are denied.[5]

The judgment is reversed and the cause remanded with directions to dismiss the complaint. No costs.

---

**5.** Chief Judge Motley properly ruled that even if Soto were the prevailing party, there were not presented the circumstances that might warrant an award of attorney's fees to a successful defendant. *See Nemeroff v. Abelson,* 704 F.2d 652 (2d Cir.1983).