**Gary HENSLEY, Plaintiff,**

**v.**

**Bernard CAREY, State's Attorney of Cook County and Assistant State's Attorneys at Branch 42 (Identities to be ascertained); James O'Grady; Sam Nolan; Joseph DiLeonardi; J. Brzeczek, Superintendent of the Chicago Police Department; Inv. T. Williams, Star No. 12714, Individually and as a Chicago Police Officer; Sgt. R. Stanley, Star No. 1909, Individually and as a Chicago Police Officer; and City of Chicago, a Municipal Corporation, Defendants.**

No. 81 C 1630.

United States District Court, N.D. Illinois, E.D.

April 29, 1986.

Frederick F. Cohn, Chicago, Ill., for plaintiff.

David A. Schlanger, Asst. State's Atty., Cook County, John McGuire and Robert J. Quinn, Office of Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DUFF, District Judge.

Defendants T. Williams and R. Stanley seek summary judgment on plaintiff's claim against them under 42 U.S.C. § 1983. The court granted their motion by minute order on March 25, 1986, and this Memorandum Opinion and Order follows. Because no basis for this court's jurisdiction remains after allowance of the motion for summary judgment, the case is dismissed.

## FACTS

On September 12, 1979, a man carrying a knife followed a woman to her home in Chicago, Illinois. He entered the house through an unlocked back door, forced the victim, a police officer's wife, onto a bed, then fled after the victim and her seven-year-old son began screaming.

The victim described her assailant to police as a white male with olive complexion, dark brown hair cut in a "GI" or military style, 5'9", 150 pounds, and 19 years old.

On September 15, 1979, a police officer stopped plaintiff Gary Hensley and reported that he fit the description of the assailant. The following day, two police officers visited plaintiff's home in the company of Chris Vandenberg, who had seen a man follow the victim to her house shortly before the attack. Vandenberg told the officers that plaintiff was the same man he had seen following the victim, and plaintiff was placed under arrest. Plaintiff is a white male, 6'0", with blond hair and light skin, and at the time of his arrest was 18 years old, 165 pounds, and wore a military-style haircut.

On the evening of plaintiff's arrest, defendant Williams conducted a lineup that was approved by defendant Stanley. The participants were six young white men, including plaintiff. Except for plaintiff, however, none of the participants had a military-style haircut; all of the others had long hair. Defendant Williams was aware of this disparity when he conducted the lineup, and had searched unsuccessfully for other young white men with crew cuts. Plaintiff claims that Williams and Stanley nonetheless went ahead with the lineup because they were anxious to resolve a crime against a fellow officer's wife.

The victim attended the lineup and positively identified plaintiff as her assailant. Plaintiff was indicted on charges stemming from the attack, and at a hearing in which the only evidence presented was the victim's testimony identifying plaintiff, a judge found probable cause to hold him for trial. Plaintiff was unable to post bond and remained in custody awaiting trial.

At one of plaintiff's three appearances for a preliminary hearing, the victim's son was present. He had had an ample opportunity to view the assailant during the attack, but had not attended the lineup because of the late hour. When he first saw the plaintiff, however, he told his parents without hesitation that "that is not the man."

Prompted at least in part by her son's comment, the victim reconsidered her identification of plaintiff. She told the prosecuting attorney that she had not had a good look at her assailant and that she would stick with her original statement that he was 5'9" and 150 pounds, with olive skin and dark brown hair. She said that she picked plaintiff out of the lineup only because he was the sole participant with a hair style resembling the assailant's and that had it not been for the misleading nature of the lineup, she would not have identified plaintiff.

The victim's husband reported his son's statement to the police officer investigating the case. That officer then re-examined plaintiff's claim that he had been elsewhere at the time of the attack, which an initial investigation had discounted, and concluded that the alibi was in fact sound.

Plaintiff was released from custody on January 4, 1980, after 111 days of detention. On February 5, 1980, the state moved to voluntarily dismiss the charges against plaintiff and the motion was granted. Plaintiff filed this action on March 23,

1981, seeking compensatory and punitive damages.

Plaintiff alleges that defendants Williams and Stanley violated his rights under the Fourteenth, Fifth, and Sixth Amendments to the United States Constitution and 42 U.S.C. § 1983 by intentionally conducting a lineup that they knew was misleading. In addition to his § 1983 claim, plaintiff alleges various causes of action under state law. Defendants Williams and Stanley have moved for summary judgment on plaintiff's § 1983 claim. All other defendants have been dismissed.

## DISCUSSION

Although this is a motion for summary judgment, defendants direct their arguments principally to the sufficiency of plaintiff's complaint, contending that the Constitution neither guarantees suspects an impartial lineup nor requires the exclusion at a preliminary hearing of evidence derived from an unnecessarily suggestive lineup.

In defense of his claim, plaintiff points to three Supreme Court decisions dealing with unnecessarily suggestive lineups in the context of criminal prosecutions: *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); and *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).

In *Stovall*, the Court held that whether a defendant's due process rights are violated by the admission at trial of evidence derived from an unnecessarily suggestive confrontation depends on the totality of the circumstances surrounding the confrontation. 388 U.S. at 301–02, 87 S.Ct. at 1972. *Biggers* and *Brathwaite* hold that *Stovall* and its progeny do not establish a strict constitutional rule of exclusion for evidence derived from unnecessarily suggestive confrontations, but rather protect an evidentiary interest that is adequately guarded by excluding such evidence at trial unless the totality of the circumstances indicates that the identification is reliable. 409 U.S. at

199–201, 93 S.Ct. at 382–83; 432 U.S. at 113–14, 97 S.Ct. at 2252–53.

■ *Stovall*, *Biggers* and *Brathwaite* do not stand for the proposition that the Constitution guarantees a right to an impartial lineup. They simply establish a prophylactic rule that protects a defendant's right to a fair trial by barring the admission of unreliable eyewitness identifications. This rule provides no support for plaintiff's contention that an improper lineup proceeding in itself constitutes a distinct and actionable constitutional wrong.

Although it appears that no court has yet passed on whether police officers may be liable under § 1983 for conducting an improper lineup, the rejection of such a cause of action would be consistent with decisions holding that police officers are not liable under § 1983 for their failure to give *Miranda* warnings.

The Constitution and laws of the United States do not guarantee [plaintiff] the right to *Miranda* warnings. They only guarantee him the right to be free from self-incrimination. The *Miranda* decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence. No rational argument can be made in support of the notion that the failure to give *Miranda* warnings subjects a police officer to liability under the Civil Rights Act.

*Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir.1976). *See also Turner v. Lynch*, 534 F.Supp. 686, 689 (S.D.N.Y.1982); *O'Hagan v. Soto*, 523 F.Supp. 625, 629 (S.D.N.Y. 1981), *reversed on other grounds*, 725 F.2d 878 (2d Cir.1984); *Chrisco v. Shafran*, 507 F.Supp. 1312, 1317–18 (D.Del.1981); *Hampton v. Gilmore*, 60 F.R.D. 71, 81 (E.D.Mo.1973), *aff'd*, 486 F.2d 1407 (8th Cir.1973). *Cf. Thornton v. Buchmann*, 392 F.2d 870, 874 (7th Cir.1968) (officer's failure to give *Miranda* warnings is of "no significance" to plaintiff's civil rights

claims against officer stemming from allegedly wrongful arrest).

■ Plaintiff suggests that if the lineup itself did not violate his rights, then his rights were violated when the victim's testimony identifying plaintiff was admitted at the preliminary hearing. This argument is flawed for two reasons. First, plaintiff has brought this action against the police officers who conducted the lineup. Defendants Williams and Stanley were not responsible for the admission of the victim's testimony at the preliminary hearing; indeed, there is no evidence that they were even present when the alleged violation of plaintiff's rights occurred. Because their actions were not directly linked with any violation of plaintiff's civil rights, Williams and Stanley cannot be held liable under § 1983. *Rizzo v. Goode,* 423 U.S. 362, 370–73, 96 S.Ct. 598, 603–05, 46 L.Ed.2d 561 (1976).

■ Second, the Constitution does not forbid the admission at a preliminary hearing of evidence derived from an improper lineup. "Objections to evidence on the ground that it was acquired by unlawful means are not properly made at the preliminary examination." Fed.R.Crim.P. 5.1(a). *Giordanello v. United States,* 357 U.S. 480, 484, 78 S.Ct. 1245, 1249, 2 L.Ed.2d 1503 (1958).

For the above reasons, the court concludes that plaintiff has failed to state a claim against defendants Williams and Stanley under § 1983, and accordingly grants the motion for summary judgment.

Because the only claims remaining after the grant of summary judgment are pendent state claims, this court's continued jurisdiction is no longer appropriate and the action is dismissed.

IT IS SO ORDERED.